GODCHAUX COMPANY, INCORPORATED, *v.* ES-TOPINAL, SHERIFF OF THE PARISH OF ST. BERNARD, ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF LOUISIANA.

No. 101.   Argued November 17, 18, 1919.—Decided December 22, 1919.

A writ of error will not lie under Jud. Code, § 237, as amended, to review a judgment of a state court upon the ground that it erroneously sustained an amendment to the state constitution, where the validity of such amendment under the Federal Constitution was first drawn in question by a petition for rehearing which was not entertained. P. 180.

Writ of error to review 142 Louisiana, 812, dismissed.

THE case is stated in the opinion.

*Mr. R. C. Milling,* with whom *Mr. R. E. Milling* was on the briefs, for plaintiff in error.

*Mr. William Winans Wall,* with whom *Mr. N. H. Nunez* was on the brief, for defendants in error.

MR. JUSTICE MCREYNOLDS delivered the opinion of the court.

By petition filed in the District Court, St. Bernard Parish, plaintiff in error sought to restrain collection of an acreage tax assessed against its lands not susceptible of gravity drainage. Invalidity of the tax was alleged upon the ground that no statute of Louisiana authorized it and also because its enforcement would produce practical confiscation and take property without due process of law contrary to the Fourteenth Amendment. Answering, defendant in error asked dismissal of the petition, claiming the tax was properly assessed and also that an amendment to Article 281 of. the Louisiana Constitution, adopted November, 1914, deprived the court of jurisdiction to entertain the contest. The trial court exercised jurisdiction, sustained the tax and dismissed the petition. Upon a broad appeal the Supreme Court, after declaring that the constitutional amendment deprived the courts of the State of jurisdiction over the controversy, affirmed the judgment of the trial court. 142 Louisiana, 812.

The record fails to disclose that plaintiff in error at any time or in any way challenged the validity of the state constitutional amendment because of conflict with the Federal Constitution until it applied for a rehearing in the Supreme Court. That application was refused without more. Here the sole error assigned is predicated upon such supposed conflict; and, unless that point was properly raised below, a writ of error cannot bring the cause before us.

Such a writ only lies to review "a final judgment or decree in any suit in the highest court of a State in which a decision in the suit could be had, where is drawn in

question the validity of a treaty or statute of, or an authority exercised under the United States, and the decision is against their validity; or where is drawn in question the validity of a statute of, or an authority exercised under any State, on the ground of their being repugnant to the Constitution, treaties, or laws of the United States, and the decision is in favor of their validity." Judicial Code, § 237; Act September 6, 1916, c. 448, 39 Stat. 726.

The settled rule is that in order to give us jurisdiction to review the judgment of a state court upon writ of error the essential federal question must have been especially set up there at the proper time and in the proper manner; and further, that if first presented in a petition for rehearing, it comes too late unless the court actually entertains the petition and passes upon the point. *Mutual Life Insurance Co.* v. *McGrew*, 188 U. S. 291, 308; *St. Louis & San Francisco R. R. Co.* v. *Shepherd*, 240 U. S. 240; *Missouri Pacific Ry. Co.* v. *Taber*, 244 U. S. 200.

The writ of error is

*Dismissed.*


THE CHIEF JUSTICE concurs in the result, solely on the ground that as the court below exerted jurisdiction and decided the cause—by the judgment to which the writ of error is directed—the contention that a federal right was violated by the refusal of the court to take jurisdiction is too unsubstantial and frivolous to give rise to a federal question.