Chief Judge Fuld.
The appellant Patricia A. has been adjudicated a person in need of supervision (referred to at times as PINS) pursuant to section 712 (subd. [b]) of the Family Court Act. Such a person is there defined as “ a male less than sixteen years of age and a female less than eighteen years of age who does not attend school in accord with the provisions of part one of article sixty-five of the education law [relating to truancy or other nonattendance] or who is incorrigible, ungovernable or habitually disobedient and beyond the lawful control of parent or other lawful authority.” The appellant, 16 years old at the time of her PINS adjudication, contends, first — as does 15-year-old Tomasita in the companion appeal (Matter of Tomasita, N., 31 N Y 2d 927, also decided today) — that the statute offends against the requirements of due process in that it is unconstitutionally vague and, second, that it discriminates against the 16 and 17-year-old female in violation of the Equal Protection Clause of the State and Federal Constitutions. We treat each claim separately.
*86 A statute is void for vagueness, the Supreme Court has stated, if it “ fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held, criminally responsible for conduct which he could not reasonably understand to be proscribed.” (United States v. Harriss, 347 U. S. 612, 617; see, also, Jordan v. De George, 341 U. S. 223, 230-232; People v. Bergerson, 17 N Y 2d 398, 403; People v. Byron; 17 N Y 2d 64, 67; People v. Salisbury, 18 N Y 2d 899; Matter of Mario, 65 Misc 2d 708.) In the Bergerson case (17 N Y 2d 398, supra), we rejected the claim of vagueness in section 483 of the former Penal Law — which made it a misdemeanor to “ cause ” or “ permit ” the life of a child to be endangered or its health to be injured — and quoted the rule laid down in Byron that “ ‘ [t]he test is whether a reasonable man subject to the statute would be informed of the nature of the offense prohibited‘and what is required of him. Such warning must be unequivocal but this requirement does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding ’ ” (17 N Y 2d, at p. 403). And, in People v. Salisbury (18 N Y 2d 899, supra; see, also, People v. Duke, 23 N Y 2d 780), we upheld the former wayward minor statute (Code Crim. Pro., § 913-a et seq., omitted from present CPL) against the charge that the term ‘ ‘ morally depraved or * * * in danger of becoming morally depraved ” was unconstitutionally vague.[1]
The appellant contends that the PINS statute does not meet essential tests or guidelines; more specifically, that it does not give potential offenders notice of what they may not do and that it does not provide adequate standards for the guidance of Family Court judges in applying the statute. In this con *87 nection, the appellant declares that what one parent or judge might consider grounds for a PINS adjudication — violation of midnight curfews, for example — another parent or another judge might be willing to overlook.
We find these arguments less than persuasive. The terms, habitual truant,” “ incorrigible,” “ ungovernable,” “ habitually disobedient and beyond * * * lawful control ’ ’, as well as the sort of conduct proscribed, are easily understood.[2] The danger that Family Court judges may make an unduly restrictive application of the statute in marginal cases seems unrealistic. As the Supreme Court declared in Harriss (347 U. S. 612, 618, supra), a “ statute will not be struck down as vague, even though marginal cases could be put where doubts might arise.” The conclusion that the PINS statute is sufficiently definite to pass constitutional muster finds further support in the circumstance that, prior to 1962, the conduct there prohibited had long constituted grounds for an adjudication of juvenile delinquency (former Children’s Ct. Act, § 2; former Social Welfare Law, § 371). Thus, the Supreme Court, in upholding the term, “ moral turpitude ” against a charge of vagueness in the Jordan case (341 U. S. 223, supra), declared that it was “ significant that the phrase has been part of the immigration laws for more than sixty years ”, even though it recognized that this was only ‘ ‘ an element to be considered in deciding the question of vagueness ” (p. 229). And a California statute, couched ip. terms quite similar to our PINS statute (Welfare and Institutions Code, § 601), has been upheld against a claim of unconstitutional vagueness by an appellate court of that State. (See, e.g., In re S,10 Cal. App. 3d 944.) Other States, as well, have approved legislation containing equally broad language in legislation defining juvenile delinquency. (See, e.g., United States v. Meyers, 16 Alaska 368, 374, 143 F. Supp. 1; State in Interest of L.N., 109 N. J. Super. 278, affd. 57 N. J. 165, cert. den. 402 U. S. 1009; E.S.G. v. State, 447 S. W. 2d 225 [Tex. Ct. of Civ. Apps.], cert. den. 398 U. S. 956.)
*88 Concluding, then, that the statute is sufficiently definite, we turn to the charge that it unconstitutionally discriminates against females.
Discrimination by the State between different classes of citizens must, at the very least, ‘ ‘ have some relevance to the purpose for which the classification is made.” (Baxstrom v. Herold, 383 U. S. 107, 111; see, also, Stanley v. Illinois, 405 U. S. 645; Eisenstadt v. Baird, 405 U. S. 438; Reed v. Reed, 404 U. S. 71, 76; Matter of Jesmer v. Dundon, 29 N Y 2d 5, 9; Seidenberg v. McSorley’s Old Ale House, 308 F. Supp. 1253; Sail’er Inn v. Kirby, 5 Cal. 3d 1; Matter of Louise B., 68 Misc 2d 95.) Phrased somewhat differently, the classification ‘ ‘ ‘ must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.’ ” (Reed v. Reed, 404 U. S. 71, 76, supra.)
The object of the PINS statute is to provide rehabilitation and treatment for young persons who engage in the sort of conduct there proscribed. This affords no reasonable ground, however, for differentiating between males and females over 16 and under 18. Girls in that age bracket are no more prone than boys to truancy, disobedience, incorrigible conduct and the like, nor are they more in need of rehabilitation and treatment by reason of such conduct.
The argument that discrimination against females on the basis of age is justified because of the obvious danger of pregnancy in an immature girl and because of out-of-wedlock births which add to the welfare relief burdens of the State and city is without merit. It is enough to say that the contention completely ignores the fact that the statute covers far more than acts of sexual misconduct. But, beyond that, even if we were to assume that the legislation had been prompted by such considerations, there would have been no rational basis for exempting, from the PINS definition, the 16 and 17-year-old boy responsible for the girl’s pregnancy or the out-of-wedlock birth. As it is, the conclusion seems inescapable that lurking behind the discrimination is the imputation that females who engage in mis *89 conduct, sexual or otherwise, ought more to he censured, and their conduct subject to greater control and regulation, than males.
Somewhat similar moral presumptions have been squarely rejected as a basis or excuse for sexually discriminatory legislation. (See Stanley v. Illinois, 405 U. S. 645, supra; Eisenstadt v. Baird, 405 U. S. 438, supra.) Thus, in the Stanley case, the Supreme Court reversed a determination of the Illinois high court upholding a .statute which made the children of unwed fathers wards of the State upon the death of the mother. It was a denial of equal protection, the court decided, to refuse a hearing to unmarried fathers as to their fitness to have custody of their children and, in effect, to presume that such fathers, as opposed to unwed mothers and other parents, are unsuitable and neglectful parents (405 U. S., at pp. 654-656). If an unwed father may not lose the custody of his children without the hearing to which unmarried mothers and other parents would be entitled, by a parity of reasoning, a girl of 16 or 17 may not be subject to a possible loss of liberty for conduct which would be entirely licit for 16 and 17-year-old boys.
Consequently, since there is no justification for the age-sex distinction, so much of section 712 (subd. [b]) of the Family Court Act as encompasses females between the ages of 16 and 18 must be stricken as unconstitutional.
The order appealed from should be reversed, without costs, and the petition dismissed.
Judges Burke, Bergax, Breitel and G-ibsox concur with Chief Judge Fuld; Judges Scileppi and Jasex dissent and vote to affirm in the following memorandum: We dissent and vote to affirm on the ground that there is a rational basis for the distinction made between male and female offenders. The additional protection afforded females as provided for in the statute is realistic and reasonable and since the age differential applies tó all females alike, there is no denial of equal protection.
Order reversed, etc.

. The Federal District Court for the Southern District of New York has recently held our former wayward minor statute unconstitutional (see Gesicki v. Oswald, 336 F. Supp. 371, 377) but, in so doing it distinguished between the "penal character” of this statute and “New York’s statutory scheme for treating juvenile offenders.” Emphasizing that it was not concerned with “state procedures which lead to special supervision of juveniles,” it recognized “the justification and wisdom of identifying and affording bona fide treatment to juveniles who exhibit behavioral deviations requiring treatment and intervention ” (p. 377).

. In the Mario case (65 Misc 2d 708, 715), a Family Court judge wrote that, “ [w]hile the statutory definition of a PINS as an ‘habitual truant’ may lack mathematical precision, there is no violation of due process in its application herein nor in the customary manner of its application by this court.”