Maria **MERCADO**, a/k/a Crespo, et al., Plaintiffs,

v.

Nelson A. **ROCKEFELLER**, Governor of the State of New York, et al., Defendants.

No. 73 Civ. 498.

United States District Court, S. D. New York.

July 11, 1973.

Rena K. Uviller, American Civil Liberties Union, New York City, for plaintiffs; Melvin L. Wulf, Burt Neuborne, American Civil Liberties Union, Paul Chevigny, New York Civil Liberties Union, William E. Hellerstein, New York City, Charles Schinitsky, The Legal Aid Society, Brooklyn, N. Y., of counsel.

Louis J. Lefkowitz, Atty. Gen., for defendants; Samuel A. Hirshowitz, First Asst. Atty. Gen., Stanley L. Kantor, Deputy Asst. Atty. Gen., of counsel.

## OPINION

FRANKEL, District Judge.

Three petitioners (originally "plaintiffs") sue in what is now a habeas proceeding[1] for broad determinations that N.Y. Family Court Act § 712(b) (McKinney Supp.1972) is unconstitutional because it (1) is vague and overbroad, (2) punishes a status in violation of the Eighth Amendment, and (3) violates due process in that it restrains liberty without serving any legitimate state purpose. Defendants have moved to dismiss. The motion gives rise to an array of interesting issues. Counsel on both sides have met the challenge with elegance and learning that make judging a pleasure, if not a sinecure. The court has concluded, however, that the motion must be granted on narrow grounds short of the merits.

The statute under attack says: "'Person in need of supervision' means a male less than sixteen years of age and a female less than eighteen years of age who * * * is incorrigible, ungovernable or habitually disobedient and beyond the lawful control of parent or other lawful authority."[2] The three plaintiffs have been adjudicated to be "persons in need of supervision" ("PINS" in the standard, though aesthetically dubious, abbreviation) within the meaning of the statute. Each has for some period in the past been confined in a training school.[3] All are now on parole. There is no question that this status is sufficiently "confining" to warrant a habeas proceeding as a means of complaint. Hensley v. Municipal Court, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973); Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). Plaintiffs have pleaded a class action, but there has been no motion for a determination whether it may "be so maintained,"

---

1. The complaint predicated this court's jurisdiction upon both 28 U.S.C. § 1343(3) and (4), to redress violations of 42 U.S.C. § 1983, and 28 U.S.C. § 2241, the habeas provision. In opposing the instant motion to dismiss, plaintiffs confronted the intervening decision in Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), and concluded—soundly, it appears—that their remedy lies in habeas, so that they must face the exhaustion obstacle hereinafter found to be a bar to the action at this time.

2. As mentioned below, the age-sex distinction has been held unconstitutional, Patricia A. v. City of New York, 31 N.Y.2d 83, 335 N.Y.S.2d 33, 286 N.E.2d 432 (1972).

3. Concerning this and alternative PINS "dispositions," see §§ 754 and 756 of the N.Y. Family Court Act.

Fed.R.Civ.P. 23(c)(1), and it is now unnecessary to reach that subject.

As a first ground for dismissal, defendants argue that the "decision" of the Supreme Court in In Re Negron, 409 U.S. 1052, 93 S.Ct. 572, 34 L.Ed.2d 507 (1972), defeats all, or substantially all, of plaintiffs' contentions. "Decision" is in quotation marks because the cited ruling was a dismissal for want of a substantial federal question, and the specific state decision thus sustained had been rendered without opinion, Matter of Tomasita N., 30 N.Y.2d 927, 335 N.Y.S.2d 683, 287 N.E.2d 377 (1972). On the other hand, the papers now before this court show that practically all the arguments of the present plaintiffs were before the New York Court of Appeals in Matter of Tomasita N., *supra.* That case, moreover, was a "companion appeal," explicitly so embraced in the decision of the same day in Patricia A. v. City of New York, 31 N.Y.2d 83, 335 N. Y.S.2d 33, 286 N.E.2d 432 (1972), and the latter spoke expressly, and at some length, to the problem of vagueness and overbreadth urged as well here and in *Tomasita N.* Indeed, insofar as this portion of the *Patricia A.* opinion was, strictly speaking, dictum for that appeal, it could conceivably (if not undoubtedly) have been written because it explained a holding for *Tomasita N.*[4]

In sum, defendants make a strong case for the view that the Supreme Court rendered a controlling decision when it dismissed the appeal in *Tomasita N.* See Doe v. Hodgson, 478 F.2d 537 (2d Cir. 1973). Cf. United States ex rel. Epton v. Nenna, 446 F.2d 363 (2d Cir.), cert. denied, 404 U.S. 948, 92 S.Ct 282, 30 L.Ed.2d 265 (1971). On the other side are substantial protests that (1) a dismissal without opinion of an appeal from a decision without opinion should not end constitutional issues that are

scarcely frivolous, and (2) in any event, not all the points here raised were presented in *Tomasita N.* Acknowledging their weight, this court finds it unnecessary to resolve these assertions now. For both points serve eventually to buttress the defendants' exhaustion point. Insofar as the constitutional questions raised here were not determined finally by the combination of *Patricia A., Tomasita N.*, and the Supreme Court's dismissal of the appeal in the latter, they should be considered and decided by the state courts before they are brought here by the habeas route.

Resisting that conclusion, plaintiffs emphasize that at least the claim of vagueness and overbreadth was expressly considered and rejected in the opinion for the Court (by Chief Judge Fuld) in *Patricia A., supra,* 31 N.Y.2d at 85–87, 335 N.Y.S.2d 33, 286 N.E.2d 432. Thus, they argue, resort to the state courts with this plea would be a futility. Cf. Lucas v. Michigan, 420 F.2d 259 (6th Cir. 1970); United States ex rel. Hughes v. McMann, 405 F.2d 773 (2d Cir. 1968); Reed v. Beto, 343 F.2d 723 (5th Cir. 1965), aff'd on other grounds sub nom. Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967); United States ex rel. Stevens v. McCloskey, 345 F.2d 305 (2d Cir.), reversed on other grounds, 383 U.S. 234, 86 S.Ct. 788, 15 L.Ed.2d 724 (1965); Evans v. Cunningham, 335 F.2d 491 (4th Cir. 1964). In response to this it is said that the discourse on this subject in *Patricia A.* was dictum because the appellant there succeeded in overturning her PINS adjudication on a wholly separate, equal protection argument.[5] In reply plaintiffs press the respectable points that some dicta are weightier than many holdings; that this should be recognized specifically in appraising the scholarly pronouncements of Chief Judge Fuld in

---

4. In a recent opinion, In Matter of C. v. Redlich, 32 N.Y.2d 588, 347 N.Y.S.2d 51, 300 N.E.2d 424 (1973), the Court of Appeals apparently relied on the opinion in *Patricia A.* to explain the holding of *Tomasita N.*

5. That successful argument, not involved here, was that the state statute made an untenable discrimination when it defined the class of PINS as embracing males only up to 16 years of age but females up to 18.

*Patricia A.*; and that this federal court, tethered by Erie v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), among other federalist constraints, certainly must "respect" those pronouncements "as the law of the state of New York." [6]

We may accept for present purposes that the requirement of exhaustion should not bar federal habeas where it is clear that the courts of the state, in explicit and squarely applicable language, have decided against a petitioner the constitutional question tendered to the federal court, and that this conclusion need not be shunned merely because the state declaration is, in technical strictness, dictum. But there is, as plaintiffs say, dictum and dictum. Here, they attack facially a broad state statute, and the dictum they cite as a state barrier is not less broad. We deal with the kind of contention, to recall familiar principles, that is always "a 'matter of no little difficulty' * * *." Broadrick v. Oklahoma, 413 U.S. 601, 615, 93 S.Ct. 2908, 2917, 37 L.Ed.2d 830 (1973), quoting Mr. Justice Black in Coates v. Cincinnati, 402 U.S. 611, 617, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971). The breadth and specific meanings of the state statute are subjects peculiarly within the state judicial power to regulate—e. g., by limiting constructions that may exclude at least some members of the class for whom plaintiffs seek to sue. In this respect, our problem recalls the cognate subject of abstention, reminding us that we are not to rush to constitutional judgments that may prove needless or excessive after the state courts have rendered authoritative interpretations of their own statutes.

■ If there is uncertainty concerning the exhaustion requirement as it affects the vagueness argument, it seems clearer that petitioners' other contentions (under the Eighth Amendment and the doctrines of substantive due process) have neither been pursued in the state courts nor foreclosed by any decisions there. To be sure, a constitutional claim ripe for federal habeas is not barred because some other claims may be open in state court. Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967) (per curiam); United States ex rel. Levy v. McMann, 394 F. 2d 402 (2d Cir. 1968); United States ex rel. Sniffen v. Follette, 393 F.2d 726 (2d Cir. 1968) (per curiam). But the existence of such other claims, when coupled with the substantial doubt that on the allegedly "exhausted" point "a further state proceeding would be unavailing," *Sniffen, supra*, at 727, makes this an unsuitable case for holding that the state courts may be bypassed for "futility." [7]

The court concludes in sum that the complaint should be, and it is, dismissed for failure to exhaust available state remedies.[8]

It is so ordered.

6. If the life of the law had more to do with emotion and less with logic, we might tarry a while to wonder how much the state courts would appreciate a show of "respect" that leads to decision here of questions that must, according to the State's Attorney General, be brought first to those tribunals.

7. The recent decision in In Matter of C. v. Redlich, 32 N.Y.2d 588, 347 N.Y.S.2d 51, 300 N.E.2d 424 (1973), announced after the present motion was argued, lends some support to the result reached herein. In that case Chief Judge Fuld, writing for a unanimous Court, held that children in need of supervision may not be validly placed in institutions together with juvenile delinquents, an argument which petitioners here have also raised. He then went on to state that the *Tomasita N.* Court had limited itself to declaring only that the statute could withstand an attack "on due process grounds," but had elected not to decide the issue finally reached in *Ellery C.*

8. While it may not be technically momentous, petitioners' parole status adds some comfort to the ruling that they must proceed first in the courts of the State. The requirement of exhaustion is grimmer when it means substantial delay in deciding whether a prisoner is entitled to be freed.