**Jane DOE et al., Plaintiffs,**

v.

**James D. HODGSON, Secretary of Labor, et al., Defendants.**

**Application Docket No. 72–1744.**

United States Court of Appeals, Second Circuit.

Submitted June 17, 1974.

Decided July 22, 1974.

Burt Neuborne, New York City, American Civil Liberties Union Foundation, Inc., for plaintiffs.

Paul J. Curran, U. S. Atty., S.D.N.Y., T. Gorman Reilly, Asst. U. S. Atty., for defendants.

Before SMITH, FEINBERG and MANSFIELD, Circuit Judges.

FEINBERG, Circuit Judge:

Plaintiffs in the above-entitled action seek permission to present a motion to the United States District Court for the Southern District of New York, under Fed.R.Civ.P. 60(b)(6), requesting that the judgment dismissing their complaint in June 1972, 344 F.Supp. 964 (S.D.N. Y.), be set aside. That judgment was affirmed by this court in May 1973, 478 F.2d 537, and certiorari was denied. 414 U.S. 1096, 94 S.Ct. 732, 38 L.Ed.2d

555 (1973). We held in our opinion that a prior summary affirmance of a three-judge court decision by the Supreme Court in Romero v. Hodgson, 403 U.S. 901, 91 S.Ct. 2215, 29 L.Ed.2d 678 (1971), which involved the same claims, foreclosed further consideration of the matter. This reasoning in our prior opinion is the basis of the present application: Plaintiffs claim that the Supreme Court, in Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), has now "rejected this Circuit's view of the drastic precedential impact of an order of summary affirmance."

This seemingly simple motion actually poses two problems: (1) must plaintiffs obtain our permission to file their motion in the district court; and (2) are they right in their assertion that the Court has now stated that summary affirmances can be disregarded as precedent? As to the former, we apparently regard the issue as an open one. See Smith v. Alleghany Corp., 394 F.2d 381, 388 (1968); Schildhaus v. Moe, 335 F.2d 529, 531 (1964). In the earlier case of Perlman v. 322 West Seventy-Second Street Co., 127 F.2d 716, 719 & n. 2 (1942), Judge Clark, an acknowledged expert on the federal rules, stated that such permission should not be needed. See also S. C. Johnson & Son v. Johnson, 175 F.2d 176, 183–184 (2d Cir. 1949) (Clark, J., dissenting). According to 7 Moore, Federal Practice ¶ 60.30[2] and the cases cited above, most circuit courts that have ruled on the issue require such permission. Professor Moore thinks this stance is correct, but the Advisory Committee for Civil Rules felt to the contrary in 1954 and sided with the position taken by Judge Clark, id. at 428–29, as does Professor Wright. Wright, Law of Federal

Courts § 99, at 441 (2d ed. 1970). While this procedural question is interesting, we do not think that we have to reach it because of the insubstantiality of plaintiffs' claim on the second, and more fundamental, issue before us.

Plaintiffs point out that had we not felt completely bound by the Supreme Court summary affirmance in *Romero*, we would have agreed that their complaint raised a substantial constitutional question. This assertion is absolutely correct.[1] Plaintiffs argue that the way is now open for the district court to consider their constitutional claim because of the following language in Mr. Justice Rehnquist's majority opinion in Edelman v. Jordan, supra:

> [T]hese three summary affirmances obviously are of precedential value in support of the contention that the Eleventh Amendment does not bar the relief awarded by the District Court in this case. *Equally obviously they are not of the same precedential value as would be an opinion of this Court treating the question on the merits.* 415 U.S. at 671, 94 S.Ct. at 1359 (emphasis added). According to plaintiffs, the Supreme Court has thus made clear that the lower federal courts are free to disregard as binding precedent a summary affirmance by the Court like *Romero*.

We do not agree with this argument. The language quoted above does not say that the circuit courts can disregard summary affirmances by the Supreme Court. At most, it seems to suggest that the Court itself would feel less bound by principles of *stare decisis* in dealing with issues already decided by a summary affirmance. But we continue to believe that the privilege of disre-

1. Thus, in our prior opinion, we noted:
   Although we believe that as an original matter plaintiffs' basic equal protection claim merits the closest judicial attention, we conclude that under applicable precedent we should not now engage in that pursuit. Because the plight of migrant workers as portrayed in plaintiffs' complaint is so unfortunate, we reach this conclusion, and

   consequently affirm, with considerable hesitation. [Footnotes omitted.]
   478 F.2d at 538.
   Were we writing on a clean slate, we would take very seriously the assertion that on these facts the statutory exclusions cannot be sustained. But given *Romero*, the slate is not clean . . . .
   478 F.2d at 540.

garding even summary Supreme Court holdings rests with that court alone. As we said in our prior opinion, 478 F.2d at 540:

> [G]iven *Romero*, the slate is not clean; plaintiffs must obtain any further writings on it in this case from the Supreme Court.

Application denied.[2]

---

**2.** If anything, recent pronouncements by the Court confirm our views. See Richardson v. Ramirez, —— U.S. ——, ——, 94 S.Ct. 2655, 41 L.Ed.2d 551 (1974), in which Mr. Justice Rehnquist, writing for the majority, relies on two summary affirmances of three-judge district court decisions.

