Maria **MERCADO**, a/k/a Crespo, et al.,
Petitioners-Appellants,

v.

Nelson A. **ROCKEFELLER**, Governor of
the State of New York, et al.,
Respondents-Appellees.

No. 449, Docket 73–2120.

United States Court of Appeals,
Second Circuit.

Argued Jan. 31, 1974.

Decided Aug. 15, 1974.

Frederick van Pelt Bryan, District Judge, concurred in result and filed opinion.

Rena K. Uviller, Melvin L. Wulf, Burt Neuborne, American Civil Liberties Union; Paul G. Chevigny, New York Civil Liberties Union; William E. Hellerstein, New York City, Charles Schinitsky, Legal Aid Society, Brooklyn, N. Y., for appellants.

Margery Evans Reifler, Deputy Asst. Atty. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., Louis J. Lefkowitz, Atty. Gen. of New York, for appellees.

Before WATERMAN and MULLIGAN, Circuit Judges, and BRYAN,* District Judge.

WATERMAN, Circuit Judge:

This is an appeal from an order of the United States District Court for the Southern District of New York dismissing appellants' complaint for failure to exhaust available state remedies. The opinion of Judge Frankel below is reported at 363 F.Supp. 489 (1973). Appellants seek to have the order below reversed and the case remanded to the district court with instructions to proceed to a consideration of the merits of their claim that § 712(b) of the New York Family Court Act is unconstitutional on the ground that it is void for vagueness. As will appear from our discussion of the issue in this opinion, we consider the merits of this claim to have been settled by the United States Supreme Court in In re Tomasita Negron, cited as In re Negron, 409 U.S. 1052, 93 S.Ct. 572, 34 L.Ed.2d 507 (1972), and although we realize that the district court did not entertain the issue on the merits on the ground that plaintiffs had not exhausted available state remedies, we direct that it be dismissed as presenting a claim upon which relief cannot be granted.

The petitioners-appellants are three minor children who after having been adjudged Persons in Need of Supervision (PINS) pursuant to the New York Family Court Act § 712(b), were confined to state youth detention centers and training schools for varying lengths of time. Claiming unconstitutionally obtained deprivation of freedom, the appellants did not appeal their adjudications as PINS but commenced an action in the United States District Court for the Southern District of New York, described in the complaint as being "a civil action authorized by Title 42 U.S.C. § 1983 and Title 28 U.S.C. § 2241 to redress the deprivation under color of state law of rights, privileges, and immunities guaranteed to plaintiffs by the Fourteenth and Eighth Amendments to the Constitution of the United States." Initially, plaintiffs in their one complaint combined a civil rights suit brought under 42 U.S.C. § 1983 and an application for a writ of habeas corpus brought under 28 U.S.C. § 2241. Subsequent to the inception of the action, however, the United States Supreme Court decided Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), in which the Court foreclosed the use of 42 U.S.C. § 1983 suits as vehicles for circumventing the requirement that a state prisoner must exhaust all available state remedies before petitioning a federal court for the issuance of a writ of habeas corpus. The Court held:

> What is involved here is the extent to which § 1983 is a permissible alternative to the traditional remedy of habeas corpus. Upon that question, we hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or more speedy release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Accordingly, we reverse the judgment before us. *Id.* at 500, 93 S.Ct. at 1841.

* Of the Southern District of New York, sitting by designation.

The appellants, whether under actual state-imposed physical confinement or on parole, were unquestionably "in custody" for the purpose of ascertaining whether federal habeas corpus relief was available to them. See *id.* at 486 n. 7, 93 S.Ct. 1827. Inasmuch as they were seeking release from that custody, and not merely challenging the conditions of that custody, appellants wisely concluded that, under *Preiser,* their exclusive remedy resided in the second half of their bifurcated complaint which thereupon became solely a petition for the issuance of a writ of habeas corpus, and the case was conducted as such below. See 363 F.Supp. at 490, n. 1.

Turning now to that petition, we find that appellants challenged the constitutionality of § 712(b) on three independent grounds. These grounds were as follows: (1) that the statute is vague and overbroad in violation of the due process clause of the Fourteenth Amendment; (2) that the statute violates the Eighth Amendment because it punishes a status instead of punishing specific anti-social overt acts; and (3) that the statute violates the right to substantive due process guaranteed by the Fourteenth Amendment by imposing an excessive restraint on individual liberty without serving any legitimate state purpose.

The appellees moved to dismiss the complaint for lack of federal court jurisdiction and for failure to state a claim upon which relief could be granted. They argued first that the U.S. Supreme Court's summary dismissal for want of a substantial federal question of the appeal in *In re Negron, supra,* which was an appeal taken from the decision of the New York Court of Appeals in Matter of Tomasita N., 30 N.Y.2d 927, 335 N.Y.S.2d 683, 287 N.E.2d 377 (1972), defused all, or substantially all, of the appellants' contentions. Appellees maintained that, inasmuch as appellants' identical claims were presented to the Supreme Court by Negron after those claims had been properly raised in the New York State Courts, the Supreme Court's summary dismissal of the *Negron* appeal was a decision upon the merits of each of Negron's claims. In the alternative appellees maintain that, if the holding in *In re Negron* has not foreclosed appellants' recovery on the merits of their void for vagueness claim, appellants should, as ordered below, pursue that claim as well as their two other claims first in the New York State Courts and thus be required to exhaust their state remedies before seeking to have the federal courts hold that § 712(b) is an unconstitutional statute.

■ Judge Frankel found that the appellees had made a "strong case for the view that the Supreme Court rendered a controlling decision" in *In re Negron,* but he did not dismiss appellants' complaint on that basis. Rather, stressing that the New York courts should have the first opportunity to interpret the New York statute here involved,[1] he ruled that all three claims advanced by appellants had not been first presented to the New York State Courts, and the appellants by not presenting their claims to the New York State Courts had failed to meet the exhaustion requirements of 28 U.S.C. § 2254.

■ On appeal the appellants do not challenge the district court's holding that they failed to exhaust their Eighth Amendment and restraint of liberty

---

1. In rejecting the appellants' contention that it would be futile to present the claim that the statute is void for vagueness to a state court, Judge Frankel appears to have relied in part on "the existence of [the two concededly unexhausted] claims" based on claimed violations of the Eighth Amendment and of the Fourteenth Amendment's guarantee of substantive due process. 363 F.Supp. at 492. This reliance is inconsistent with the rule that the jurisdiction of a federal court to hear an exhausted claim in a habeas petition is not defeated by the existence of unexhausted claims unless those unexhausted claims are both related to the exhausted claim and are nonfrivolous. United States ex rel. Levy v. McMann, 394 F.2d 402 (2 Cir. 1968).

claims.[2] They do argue, however, that they need not present their void for vagueness claim in the New York courts inasmuch as this issue was determined adversely by the New York Court of Appeals in Matter of Patricia A., 31 N.Y. 2d 83, 335 N.Y.S.2d 33, 286 N.E.2d 432 (1972), and a presentation by them to the New York courts of such a claim would be futile. Thus, the appellants argue that, with respect to the claim that the statute is unconstitutionally vague, they are excused from the exhaustion requirement, and this claim is ripe for presentation to a U.S. District Court. The appellants further argue that the Supreme Court's dismissal for want of a substantial federal question in *In re Negron, supra,* did not constitute a disposition on the merits of the void for vagueness claim, since, although that claim had been reviewed by the New York Court of Appeals in the unappealed *Patricia A.* case, it had not been reviewed by the New York Court of Appeals in the appealed case, *Matter of Tomasita N., supra,* and therefore the void for vagueness claim was not presented to the Supreme Court in *In re Negron.* Consequently, appellants maintain that, as the Supreme Court could not have reached the merits of the claim when it dismissed the *Negron* appeal for want of a substantial federal question, the issue of whether § 712(b) is void for vagueness has not been foreclosed from federal court examination in the lower federal courts.

In order for us to resolve the issue of whether appellants should be excused from the exhaustion of the state remedies requirement on the void for vagueness claim because the state courts have already definitively ruled on it, we must scrutinize the prior New York State Court proceedings in two cases factually unrelated to each other, *Matter of Patri-cia A.;* and *Matter of Tomasita N.,* to which we have already alluded.

In *Patricia A.,* a sixteen-year-old girl charged with being a PINS challenged the constitutionality of the PINS statute, the statute here attacked. She contended in the New York Family Court that Section 712(b) was void for vagueness, the identical claim made here. She also attacked the statute on equal protection grounds because the statute applied to boys until they were sixteen years old but to girls until they were eighteen years old. The Family Court rejected these contentions and adjudged the girl to be a PINS. In her appeal to the Appellate Division, she raised void for vagueness, equal protection, and due process arguments. The Appellate Division affirmed without opinion. Matter of Patricia A., 39 A.D.2d 648, 332 N.Y. S.2d 375 (2d Dep't 1972). Patricia A. then appealed to the New York Court of Appeals. Matter of Patricia A., 31 N. Y.2d 83, 335 N.Y.S.2d 33, 286 N.E.2d 432 (1972). In Chief Judge Fuld's opinion there was an extended and careful analysis of whether Section 712(b) is void for vagueness. Following this discussion he wrote:

> Concluding, then, that the statute is sufficiently definite, we turn to the charge that it unconstitutionally discriminates against females. 31 N.Y. 2d at 88, 335 N.Y.S.2d at 36, 286 N. E.2d at 434.

The New York Court of Appeals then proceeded to hold that the statute violated equal protection, and that it was therefore unconstitutional as applied to any girl such as Patricia A., who had passed her sixteenth birthday. Two dissenting judges maintained that there was no violation of equal protection, but did not question the majority's view that the statute was sufficiently definite.

---

2. Nor do appellants claim that these two unexhausted claims should be appended here to the exhausted claim that the statute is unconstitutionally vague so as to give the federal court jurisdiction over all three claims. Where a federal habeas petition presents claims for which state remedies have been exhausted and claims for which they have not, the unexhausted claims cannot be adjudicated by the federal court adjudicating the exhausted claim. United States ex rel. Levy v. McMann, *supra.*

In *Matter of Tomasita N.*, Negron was charged with being a PINS and pleaded guilty in the Family Court. In contrast to the Patricia A. situation, there is some question here as to whether the issue of whether the statute was void for vagueness was raised at the trial level. It is undisputed, however, that the precise claim was raised on appeal to the Appellate Division where there were also two other issues raised, both of which had undeniably been raised at trial: the validity of the guilty plea and the denial to her of counsel of her choice at the time of the plea. The Appellate Division affirmed without opinion. Matter of Tomasita N., 37 A. D.2d 698, 322 N.Y.S.2d 646 (1st Dep't 1971). Negron then appealed to the New York Court of Appeals and the arguments in *Patricia A.* and *Tomasita N.* were heard on the same day. In her brief to the Court of Appeals, as she had in the Appellate Division, Negron presented the void for vagueness and overbreadth claim. Although the Court of Appeals affirmed the Appellate Division without opinion, Matter of Tomasita N., 30 N.Y.2d 927, 335 N.Y.S.2d 683, 287 N.E.2d 377 (1972), *Tomasita N.* was the subject of a reference by Chief Judge Fuld in the opinion written in *Patricia A.*, a reference we believe to be of critical importance. In a very few words, the Chief Judge points out why the decision below in *Patricia A.* was reversed and that below in *Tomasita N.* affirmed:

> [Patricia A.], *16 years old* at the time of her PINS adjudication, contends, first—as does *15-year-old* Tomasita in the *companion appeal* (Matter of Tomasita N., 30 N.Y.2d 927, 335 N.Y.S.2d 683, 287 N.E.2d 377, also decided today)—that the statute offends against the requirements of due process in that it is unconstitutionally

vague. . . . 31 N.Y.2d at 85, 335 N.Y.S.2d at 34, 286 N.E.2d at 433 (emphasis supplied).

As already noted, the Chief Judge then went on to reject the void for vagueness argument in *Patricia A.*, despite the fact that such a rejection was, in view of the court's acceptance of the equal protection argument presented to it, unnecessary to the disposition of the *Patricia A.* appeal. Yet what was technically a Court of Appeals dictum in *Patricia A.* was a holding of the Court of Appeals in *Tomasita N.*, for the affirmance of Tomasita N.'s adjudication as a PINS means that each of her *properly raised* claims was rejected by the Court of Appeals.

If Tomasita N.'s void for vagueness claim, to which the court makes express and pointed reference in *Patricia A.*, was properly before the court in *Tomasita N.*, the New York Court of Appeals held that the § 712(b) statute is not impermissibly vague. Of course in the first instance we must be satisfied that the claim was reviewed by the court. Chief Judge Fuld's language seemingly satisfies that it was reviewed. Nevertheless, with respect to Tomasita N., the appellants contend that, despite the court's language demonstrating review of that claim, it was not reviewable by the Court of Appeals. They argue, first, that Tomasita N.'s guilty plea in the Family Court constituted a waiver of her right to raise the issue in the state appellate courts, and, second, assuming for the moment that the vagueness issue was not raised in the proceedings in the New York court of first instance, the Family Court, that Tomasita N. was precluded from presenting such a claim to the state appellate courts.

Although there may be some question as to whether the issue of the statute's vagueness was raised at the trial level,[3]

---

3. The appellants contend that the issue of statutory vagueness was not raised at the trial level in *Matter of Tomasita N.*, and the appellees in their brief did not contest this argument. However, at oral argument before us the appellees referred to minutes of

a Family Court hearing only recently made available to counsel which suggested that the vagueness issue had actually been raised during the proceedings there.

Furnished to us after argument these minutes of the Family Court hearing are ambigu-

it is undisputed that the claim was presented in the briefs before both the Appellate Division and the New York Court of Appeals, but because the issue was briefed does not, of course, establish that these courts reviewed the claim or were required to review it. Assuming, arguendo, that the issue was not presented at the trial court level, we must determine whether under New York law the constitutional claim could be raised for the first time on appeal.

■ Except when there is a deprivation of a fundamental constitutional right, New York law requires that an objection be made at the trial level in order to preserve an issue for appeal. In United States ex rel. Schaedel v. Follette, 447 F.2d 1297 (2 Cir. 1971), we said:

> Under New York law a contemporaneous objection is required to preserve the issue on appeal, but no objection is required to preserve for appellate review a deprivation of a fundamental constitutional right, and the failure to object does not waive the defendant's state remedies for the preservation of those rights. . . . Federal habeas relief, therefore, is not foreclosed where the failure to object did not waive state remedies. 447 F.2d at 1300.

New York cases finding a deprivation of fundamental constitutional rights have focused on violations of rights under the Fifth and Sixth Amendments to the United States Constitution. People v. Arthur, 22 N.Y.2d 325, 292 N.Y.S.2d 663, 239 N.E.2d 537 (1968); People v. McLucas, 15 N.Y.2d 167, 256 N.Y.S.2d 799, 204 N.E.2d 846 (1965).

■ In Street v. New York, 394 U.S. 576, 89 S.Ct. 1354, 22 L.Ed.2d 572 (1969), the petitioner challenged his conviction under § 1425, subd. 16, par. d, of the New York Penal Law, McKinney's Consol.Laws, c. 40, which made it a misdemeanor "publicly [to] defy . . . or cast contempt upon [an American flag] by words." The appellant argued that this section of the statute was overbroad on its face and as applied to him. The Supreme Court had to determine whether this issue had been before the New York Court of Appeals as that court had not mentioned the constitutionality of this part of the statute in its opinion. The Court found that the rights asserted by the appellant were "fundamental" and were therefore within the New York rule of People v. McLucas, *supra* 15 N.Y.2d at 172, 256 N.Y.S.2d at 802, 204 N.E.2d at 848, which had held that "no exception is necessary to preserve for [review by New York appellate courts] a deprivation of a fundamental constitutional right." The deprivation of due process alleged by the appellants in the present case would ap-

---

ous because of the difficulty that the court reporter apparently had in understanding counsel. The following is the relevant portion of the hearing:

Counsel (for Tomasita N.) : I would also like to make some other point. It's my contention, anything beyond a PINS Petition is unconstitutional on the ground first, this petition, on the specificity of the charges as required by charge—that the charges vagueness is void and viilates (sic) due process. It's illogical procedure, excessive obedience without control exercised by the parent which would be another reason to reopen the inquiry on the ground that the proceeding itself is—

Court Reporter: (Notes difficulty in understanding counsel's speech.)

The Court: Motion is denied. Anythingelse (sic) you want to put on the record.

Counsel: My interest in the record is the child's well being.

The Court: I assume you're going to test all these constitutional questions and if I understand the Supreme Court of the United States, you have to make a record.

Counsel: That's all your Honor, except I want to make sure this child is taken care of properly.

In light of our holding that, irrespective of whether the claim was raised at trial, the constitutional claim of statutory vagueness could be raised for the first time on appeal to higher New York state courts, we do not have to decide whether these ambiguous minutes are sufficient to support a claim that the issue of vagueness was raised at the trial level.

pear to involve fundamental rights so that the issue could be raised in the New York courts for the first time on appeal. Moreover, the claim is one where the alleged unconstitutionality of the statute would be evident from the face of the record, thus making it possible for an appellate court to intervene despite the absence of an objection below. United States ex rel. Terry v. Henderson, 462 F.2d 1125, 1130 (2 Cir. 1972). We thus conclude that the claim here that § 712(b) is unconstitutionally vague could be presented on appeal to the New York appellate courts even if not first presented and preserved at the trial level.

■ In addition to their argument that constitutional questions cannot be raised for the first time on appeal, the appellees also contend that a guilty plea at trial forecloses a party from subsequently raising constitutional issues on appeal, and that therefore the issue of whether § 712(b) is unconstitutionally vague could not have been before the Court of Appeals in Matter of Tomasita N., because Tomasita N. had pleaded guilty in the Family Court. However, it is clear that "[a] guilty plea waives only nonjurisdictional defects" and does not waive the "right to contest the constitutionality of the statute that is the basis for a conviction." Gesicki v. Oswald, 336 F.Supp. 371, 374 n. 3 (SDNY 1971) (three-judge court) (Kaufman, J.), aff'd, 406 U.S. 913, 92 S.Ct. 1773, 32 L. Ed.2d 113 (1972).

Recapitulating, then, neither her guilty plea nor a failure to raise the claim at the trial level precluded Tomasita N. from presenting her "void for vagueness" claim to the New York Court of Appeals. This she did, and the affirmance of her conviction means that the New York Court of Appeals *held* that § 712(b) is not impermissibly vague. Our conclusion that the issue was before the Court of Appeals in *Tomasita N.*, and decided there, is further supported by Chief Judge Fuld's rather pointed reference, which we have previously discussed, to *Tomasita N.* in his

opinion in *Patricia A.* His language comparing the ages of the two girls strongly suggests and supports the conclusion we have reached. Furthermore, subsequent to the decisions in *Patricia A.* and *Tomasita N.*, the New York Court of Appeals in a unanimous opinion written by Chief Judge Fuld has expressly confirmed that in *Tomasita N.* the Court of Appeals "decided that the PINS statute was not subject to successful constitutional attack on due process grounds." Matter of Ellery C., 32 N.Y. 2d 588, 347 N.Y.S.2d 51, 300 N.E.2d 424 (1973).

Our conclusion that 'the New York Court of Appeals confronted and rejected the vagueness claim in *Tomasita N.* thus disposes of whether the appellants, if they should choose to return to the state courts to exhaust their state remedies, should be excused from presenting that claim to the state courts along with the two concededly unexhausted claims. Inasmuch as the rejection of the vagueness claim by the New York Court of Appeals was necessary to the affirmance of Tomasita N.'s adjudication as a PINS, that rejection was clearly not obiter dictum, as it was in *Patricia A.*, but was a holding of the highest court of the State of New York on a decisive point.

■ We hold that appellants, in order to present to federal courts their claim that § 712(b) is void for vagueness, are not required to present this claim to the New York courts first, for it is evident that under the prevailing law of that state such a presentation would only be an exercise in futility.

We now turn to an examination of whether the Supreme Court reached and settled the merits of the "void for vagueness" claim when it summarily dismissed the appeal in *In re Negron* for want of a substantial federal question. The parties explored this issue in their briefs in our court, and perhaps did so with the thought that, as this issue is solely one of law, it could be finally resolved here, and, if so, a remand for

hearing on the merits might be avoided and litigation expense and delay saved thereby.

In her jurisdictional statement to the Supreme Court Negron set forth several points for review, including her claim that § 712(b) was void for vagueness. As we have stated, this claim was ruled upon in *Tomasita N.* by the New York Court of Appeals and therefore, being included in the jurisdictional statement presented to the U.S. Supreme Court, was properly presented to that Court for review. See Beck v. Washington, 369 U.S. 541, 82 S.Ct. 955, 8 L.Ed.2d 98 (1962); Godchaux Co. v. Estopinal, 251 U.S. 179, 40 S.Ct. 116, 64 L.Ed. 213 (1919). The Supreme Court, as stated *supra,* summarily dismissed the appeal.

█ It is clear in this circuit that a summary affirmance or summary dismissal of an appeal by the U.S. Supreme Court of cases within its obligatory appellate jurisdiction is a disposition on the merits of the issues on appeal. Doe v. Hodgson, 478 F.2d 537 (2 Cir.), cert. denied sub nom. Doe v. Brennan, 414 U.S. 1096, 94 S.Ct. 732, 38 L. Ed.2d 555 (1973); United States ex rel. Epton v. Nenna, 446 F.2d 363, 365–366 (2 Cir.), cert. denied, 404 U.S. 948, 92 S.Ct. 282, 30 L.Ed.2d 265 (1971); United States ex rel. Fein v. Deegan, 410 F. 2d 13 (2 Cir.), cert. denied, 395 U.S. 935, 89 S.Ct. 1997, 23 L.Ed.2d 450 (1969).

In Doe v. Hodgson, *supra,* Judge Feinberg wrote:

For now, however, we continue to believe that we are bound by the Supreme Court's summary affirmances "until such time as the Court informs us that we are not." 478 F.2d at 539.

However, in Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), Justice Rehnquist, writing for five members of the Court, indicated that summary affirmances "are of precedental value" but that "they are not of the same precedental value as would be an opinion of this Court treating the question on the merits." 94 S.Ct. 1359. After *Edelman* the plaintiffs in Doe v. Hodgson, *supra,* petitioned to have that judgment set aside and we adhered to the position we had taken prior to *Edelman,* see Doe v. Hodgson, 500 F.2d 1206 (2 Cir. 1974) for it does not appear to us that Justice Rehnquist's statement should be read as indicating that this Circuit is being informed that we are no longer to be bound by summary affirmances or summary dismissals by the Supreme Court.[4]

█ We continue to recognize, however, that summary affirmances or summary dismissals by the Supreme Court are "somewhat opaque," Gibson v. Berryhill, 411 U.S. 564, 576, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973), and must in each case be analyzed carefully in order to discover what issues were actually before the Court, but here, in this case, we are satisfied that the summary dismissal of the appeal was dispositive of appellant Negron's claim, the claim which has been rejected by the New York Court of Appeals, that the statute was too vague to be constitutional. As we are bound by that holding, and as appellants have exhausted their available state remedies in the New York courts, we would hold that the identical vagueness claim Negron presented, now presented here to us by appellants, is without merit.

As to the claims other than the claim that the statute is void for vagueness we do not affect the dismissal order below, but as to the void for vagueness claim we reverse the order below and remand the case to the district court with direction that that claim be dismissed for failure to state a claim upon which relief can be granted.

4. As we stated in our decision denying permission to set aside our former judgment in Doe v. Hodgson, " . . . we continue to

believe that the privilege of disregarding even summary Supreme Court holdings rests with that court alone."

FREDERICK van PELT BRYAN, District Judge (concurring in the result):

I concur in the result the majority has reached.

However, I concur *dubitante,* for the Supreme Court's summary action in the *Negron* appeal was a summary dismissal for lack of a substantial federal question, and in Edelman v. Jordan the discussion was limited to the precedential effects of summary affirmances. It may well be that there should be different precedential effects between a summary affirmance and a summary dismissal for lack of a substantial federal question.