**Carmen LaBRUNA, Petitioner-Appellant,**

v.

**U. S. MARSHAL, Western District of New York, and Attorney General of the State of New York, Respondents-Appellees.**

**No. 387, Docket 81–2251.**

United States Court of Appeals, Second Circuit.

Argued Nov. 4, 1981.

Decided Nov. 25, 1981.

Michael J. Athans, State University of New York at Buffalo School of Law, Buffalo, N. Y. (Rolf Nils Olsen, Jr., Buffalo, N. Y., of counsel), for petitioner-appellant.

Carl E. Stephan, Asst. Atty. Gen., Albany, N. Y. (Robert Abrams, Atty. Gen. of N. Y., William J. Kogan, Asst. Sol. Gen., Albany, N. Y., of counsel), for respondent-appellee Atty. Gen.

Before WATERMAN, OAKES and MESKILL, Circuit Judges.

MESKILL, Circuit Judge:

Petitioner Carmen LaBruna appeals from a judgment of the United States District Court for the Western District of New York, John T. Elfvin, *Judge*, dismissing his application for a writ of habeas corpus for failure to exhaust his state remedies as required by 28 U.S.C. § 2254(b) and (c) (1976).[1] LaBruna's underlying contention, that the evidence adduced at his trial was insufficient to support his conviction, was never presented to the state courts as a federal constitutional claim because at the time of his state appeal, the federal rule required a showing that "no evidence" had been produced to support the conviction, a burden LaBruna could not have met. Following his state appeal, however, the Supreme Court replaced the "no evidence" standard with a more liberal test. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). LaBruna then filed a federal habeas application under the *Jackson* standard without first renewing his claim in the state courts. While we agree with Judge Elfvin that technically petitioner has an open avenue to pursue relief in the state courts, we find that further state proceedings in this case would serve no useful purpose and we therefore reverse.

## BACKGROUND

LaBruna was convicted of second degree murder after a jury trial in the Erie County

---

1. 28 U.S.C. § 2254(b) and (c) provide:

    (b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

    (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

(N.Y.) Court in 1976. The facts are set forth in detail in the opinion of the New York Supreme Court, Appellate Division, Fourth Department, which entertained La-Bruna's appeal, *People v. LaBruna*, 66 A.D.2d 300, 414 N.Y.S.2d 380 (4th Dept. 1979). We therefore present only a brief discussion of the facts relevant to this appeal.

LaBruna had been tried as an accessory to the murder of a twenty-one-year-old Buffalo woman. The indictment charged that LaBruna had helped to lure the victim to a deserted area where he stood by while she was shot to death. The prosecution further contended that LaBruna had enlisted two friends to aid in disposing the body, which was discovered in a Buffalo sewer some ten months after the murder.

The prosecution's case consisted entirely of circumstantial evidence. Several witnesses without firsthand knowledge described the murder based upon conversations with LaBruna. LaBruna contended on appeal to the Appellate Division "that there was no direct evidence that he shared [the principal's] intent to murder their victim and that the circumstantial evidence produced did not prove his intent beyond a reasonable doubt." 66 A.D.2d at 301–02, 414 N.Y.S.2d at 381.

At the time of LaBruna's appeal to the Appellate Division, a defendant was forced to demonstrate that "no evidence" supported his conviction to prevail on a federal constitutional claim that insufficient evidence was adduced at his trial. *Thompson v. Louisville*, 362 U.S. 199, 204, 206, 80 S.Ct. 624, 628, 629, 4 L.Ed.2d 654 (1960). Only where a defendant had been convicted on a record entirely devoid of evidentiary support was due process denied. *Id. See California v. Green*, 399 U.S. 149, 164 n.15, 90 S.Ct. 1930, 1938, n.15, 26 L.Ed.2d 489 (1970); *Gregory v. Chicago*, 394 U.S. 111, 112, 89 S.Ct. 946, 947, 22 L.Ed.2d 134 (1969). It is clear that under the almost insurmountable burden of *Thompson*, LaBruna would not have prevailed. The New York standard with respect to sufficiency of the evidence, however, was much easier to meet, asking

whether, "considering the facts proved and the inferences that could reasonably be drawn therefrom, a jury could conclude that there was no reasonable doubt that the defendant ... intended to [commit the crime charged]." *People v. Castillo*, 47 N.Y.2d 270, 277, 417 N.Y.S.2d 915, 919–20, 391 N.E.2d 997, 1001 (1979); *People v. Barnes*, 50 N.Y.2d 375, 381, 429 N.Y.S.2d 178, 181, 406 N.E.2d 1071, 1074 (1980). Petitioner's appeal to the Appellate Division was therefore couched entirely in terms of state law and cited only state cases.

The Appellate Division rejected LaBruna's appeal, holding: "We find, as did the jury, that the totality of the evidence permits no reasonable hypothesis except that of defendant's guilt." 66 A.D.2d at 302, 414 N.Y.S.2d at 381. The court further found that the jury's conclusion "flowed naturally from the evidence" and that the jury "did not draw unreasonable inferences." *Id.* at 303, 414 N.Y.S.2d at 382. One member of the panel dissented, however, unable to find that "[t]he facts proved [excluded] to a moral certainty every reasonable hypothesis of innocence." *Id.* at 306, 414 N.Y.S.2d at 384. The New York Court of Appeals denied leave to appeal on March 13, 1979.

Shortly thereafter, the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 321, 99 S.Ct. 2781, 2790, 61 L.Ed.2d 560 (1979), discarded the "no evidence" standard, and held that a state prisoner alleging "that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt has stated a federal constitutional claim." Thus, LaBruna included in his application for habeas relief a claim under *Jackson* that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[2]

Judge Elfvin declined to address the merits of petitioner's sufficiency of the evidence claim, however, holding that LaBruna had not satisfied the requirement of 28 U.S.C. § 2254 that state remedies be exhausted prior to federal habeas review. Judge Elfvin, noting that LaBruna's claim

---

**2.** LaBruna also claimed that he was denied his constitutional due process rights by the admis-

sion into evidence of various photographs of the victim's body and challenged the prosecu-

had been presented to the Appellate Division exclusively as a matter of state law, held that "the state courts have never had an opportunity to consider the federal constitutional arguments on which petitioner now relies." D.Ct. op. at 5.

## DISCUSSION

LaBruna argues for the first time on appeal that he should not be forced to raise his sufficiency of the evidence claim under *Jackson* in state court prior to federal habeas review because further state proceedings would be futile. In the alternative, LaBruna asserts that he has adequately presented his constitutional claim in the state court to satisfy 28 U.S.C. § 2254.

■ We would ordinarily be reluctant to pass upon a claim not raised in the court below. *Adato v. Kagan*, 599 F.2d 1111, 1116 (2d Cir. 1979); *Terkildsen v. Waters*, 481 F.2d 201, 204–05 (2d Cir. 1973). Nevertheless, we find persuasive reasons to depart from our customary rule. *See Singleton v. Wulff*, 428 U.S. 106, 120–21, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976). First, our consideration of LaBruna's futility claim will promote interests of judicial economy since the record is already adequate to permit a determination. Moreover, were we to remand to allow the district court to consider the issue of futility in the first instance, we would further postpone the ultimate resolution of LaBruna's underlying habeas claim. Where the liberty of an individual is at stake, and in the absence of countervailing considerations, we see no valid reason to remand to the district court.

■ The doctrine of exhaustion finds its roots in notions of federal-state comity. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). The Supreme Court has been careful to stress that "[t]he exhaustion requirement is merely an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250, 92 S.Ct. 407, 408, 30 L.Ed.2d 418 (1971) (quoting *Fay v. Noia*, 372 U.S. 391, 438, 83 S.Ct. 822, 848, 9 L.Ed.2d 837 (1963)). Accordingly, this Court has held that a petitioner need not exhaust his state remedies where it is clear that "such a presentation would only be an exercise in futility." *Mercado v. Rockefeller*, 502 F.2d 666, 672 (2d Cir. 1974), *cert. denied sub nom. Mercado v. Carey*, 420 U.S. 925, 95 S.Ct. 1120, 43 L.Ed.2d 394 (1975). *See Stubbs v. Smith*, 533 F.2d 64, 68–69 (2d Cir. 1976).

■ We agree with LaBruna that to raise his *Jackson* claim in state court would be utterly futile. The New York courts would have to find under *Jackson* that "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." 443 U.S. at 324, 99 S.Ct. at 2792. The Appellate Division has already stated its opinion that the jury acted reasonably and that "the totality of the evidence permits no reasonable hypothesis except that of defendant's guilt." 66 A.D.2d at 302, 414 N.Y.S.2d at 381. We cannot believe that an additional citation to *Jackson* would alter the views of the New York courts, especially where *Jackson's* standard of review is almost identical to New York's.[3]

In light of our holding that the futility doctrine relieves LaBruna of his burden to exhaust state remedies prior to federal habeas review, we need not address his argument that his prior state appeals adequately exhausted his state remedies. The decision of the district court is reversed, and the case is remanded for a hearing on the merits of LaBruna's habeas claim.

Reversed and remanded.

---

tion's summation, which alluded to LaBruna's association with criminals, as violative of his Fifth and Fourteenth Amendment rights. LaBruna appeals Judge Elfvin's decision only with respect to the sufficiency of the evidence claim.

**3.** The futility doctrine has been invoked in past cases where the highest court of the state has already ruled on the habeas petitioner's federal claim, albeit in the context of another case. *See Mercado v. Rockefeller*, 502 F.2d 666, 672 (2d Cir. 1974), *cert. denied sub nom. Mercado v. Carey*, 420 U.S. 925, 95 S.Ct. 1120, 43 L.Ed.2d 394 (1975); *Ham v. North Carolina*,

---

471 F.2d 406, 407–08 (4th Cir. 1973). Our holding today should not be read to depart from this narrow circumstance in which the doctrine applies. Rather, we observe that the New York Court of Appeals has consistently adhered to a sufficiency of the evidence standard which is functionally identical to the *Jackson* standard.

While the New York standard may not be identical in language to the *Jackson* standard, we read both to question whether "the record evidence could support a finding of guilt beyond a reasonable doubt." *Moore v. Duckworth*, 443 U.S. 713, 714, 99 S.Ct. 3088, 3089, 61 L.Ed.2d 865 (1979). The *Jackson* Court held, "the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." 443 U.S. at 324, 99 S.Ct. at 2792. The New York test asks, "in deciding whether the People met their burden, we are required to say whether, considering the facts proved and the inferences that could reasonably be drawn therefrom, a jury could conclude that there was no reasonable doubt [whether the defendant intended to commit the crime]." *People v. Castillo*, 47 N.Y.2d 270, 277, 417 N.Y. S.2d 915, 919–20, 391 N.E.2d 997, 1001 (1979). We see no useful purpose in returning LaBruna to the state courts to seek review under *Jackson* since the standard is functionally identical to the state standard already employed.