■ . INCORPORATED VILLAGE OF HEMPSTEAD, Appellant, v ANRON AIR SYSTEMS, INC., Respondent.—In a proceeding pursuant to CPLR article 75 to stay arbitration, petitioner appeals from an order of the Supreme Court, Nassau County, dated April 3, 1975, which denied the application and directed the parties to proceed to arbitration. Order affirmed, with $20 costs and disbursements. Special Term properly reserved the resolution of all the issues in this controversy for the arbitrators (CPLR 7501; *Matter of Wilaka Constr. Co. [N. Y. City Housing Auth.]*, 17 NY2d 195). Rabin, Acting P. J., Latham, Cohalan, Margett and Brennan, JJ., concur.

■ In the Matter of ALICE C. (ANONYMOUS), Respondent, v ROBERT P. (ANONYMOUS), Appellant.—In a paternity proceeding, the appeal is from an ex parte order of the Family Court, Nassau County, entered May 23, 1975. Appeal dismissed, without costs. No appeal lies from an order or judgment entered upon the default of the aggrieved party (CPLR 5511). This dismissal is without prejudice to the making of a motion by appellant in the Family Court to open his default, if he be so advised. Under the circumstances here present, it would seem that his default should be opened. Hopkins, Acting P. J., Cohalan, Christ, Brennan and Shapiro, JJ., concur.

■ In the Matter of TIMOTHY K. (Anonymous), Appellant.—In a proceeding in which appellant was adjudged to be a person in need of supervision, he appeals from an order of the Family Court, Queens County, dated March 26, 1975, which, upon a petition for transfer made pursuant to section 773 of the Family Court Act, placed him in a State training school (Division for Youth, Title III). Order affirmed, without costs. Under the circumstances shown in the record, placement at a State training school was proper (see *Matter of Patricia A.,* 31 NY2d 83; *Matter of Lavette M.,* 35 NY2d 136). Rabin, Acting P. J., Cohalan, Margett, Brennan and Shapiro, JJ., concur.

■ In the Matter of HUMBERTO MENDEZ, Petitioner, v DIVISION OF HUMAN RIGHTS OF THE STATE OF NEW YORK, Respondent.—Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated March 24, 1975, which affirmed a determination of the State Division of Human Rights, dated May 10, 1974, which dismissed the complaint upon a finding of no probable cause. Order confirmed and cross application to dismiss the petition granted, without costs. We do not find that either the State Division of Human Rights or the State Human Rights Appeal Board was arbitrary or capricious, or abused its discretion. In addition, there were no unresolved questions of fact which required a hearing. Rabin, Acting P. J., Latham, Cohalan, Margett and Brennan, JJ., concur.