■ In the Matter of NICOLE T., a Person Alleged to be in Need of Supervision, Appellant. MAE U., as Legal Guardian of NICOLE T., Respondent. [608 NYS2d 539] —Casey, J. Appeal from an order of Family Court of Sullivan County (Meddaugh, J.), entered March 11, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent to be a person in need of supervision.

In a petition filed in December 1992, petitioner, who is respondent's aunt, alleged that the 14-year-old respondent refused to return home from school on time and was not attending classes on a timely basis. The only evidence presented at the hearing was respondent's admission that she had been late to her first period math class on at least four occasions during the past several months and that there had been one incident where she had become disruptive during technology class. Respondent also admitted that she did not go directly home from school because she would "just stand outside and talk to [her] friends". We conclude that the evidence is insufficient to support a finding that respondent is a person in need of supervision.

Family Court Act § 712 (a) defines a person in need of supervision as "a female less than eighteen years of age who does not attend school in accord with the provisions of part one of article sixty-five of the education law or who is incorrigible, ungovernable or habitually disobedient and beyond the lawful control of parent or other lawful authority". Although the term "habitual truant" was removed from the statutory definition in 1970 and replaced by the reference to the Education Law (L 1970, ch 906), Family Court Act § 732 (a) still requires that the petition allege that the respondent is "an habitual truant or is incorrigible, ungovernable, or habitually disobedient and beyond the lawful control of his parents, guardian or lawful custodian". In considering a vagueness challenge to the statutory definition after the 1970 amendment, the Court of Appeals concluded that "[t]he terms, 'habitual truant,' 'incorrigible,' 'ungovernable,' 'habitually disobedient and beyond * * * lawful control', as well as the sort of conduct proscribed, are easily understood" (*Matter of Patricia A.*, 31 NY2d 83, 87). We are of the view that the conduct

admitted by respondent in this case does not fall within the meaning of any of the "easily understood" terms, and does not constitute the sort of conduct proscribed by Family Court Act article 7.

Cardona, P. J., Mikoll, White and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.