MO RIAL, Judge.
Tina Marie Gras is a fourteen year old female, whose parents are deceased. She resided with her guardian brother and sister-in-law, Mr. and Mrs. Edwin Gras. Her guardians brought her to the office of the Jefferson Parish Juvenile Probation Department complaining she was ungovernable in that she was skipping school and had run away six times. On January 21, 1974 a petition was filed in her interest in the Juvenile Court for the Parish of Jefferson alleging her to be a “child in need of supervision.” LSA-R.S. 13:1569, subd. 15(b); 1570, subd. A(3). Tina Marie Gras was adjudged a proper person for commitment to the care of the Department of Corrections on January 30, 1974. Sentence was suspended and she was placed on active probation for an indefinite period in the custody of her guardians.
On March 14, 1974, the juvenile left home for school. She did not return home and was reported missing. The juvenile was apprehended by police officers in the company of three adult males and another juvenile in a vacant house on March 24, 1974. Thereafter, a petition was filed in her interest alleging her to be a delinquent juvenile because she had violated her probation by running away from home and being ungovernable. The juvenile was again adjudged a proper person for commitment to the Department of Corrections. Sentence was again suspended and she was continued on probation. Through the efforts of the Jefferson Parish Juvenile Probation Department the juvenile was being treated at Touro Mental Health Center and West Jefferson Mental Health Center. The juvenle was placed in Raintree House on May 29, 1974 where she remained until she ran away on July 25, 1974. She was then permitted to stay at Greenhouse from which she was released after several curfew violations. A third petition was filed in the interest of the juvenile charging her with being a delinquent juvenile by having committed violations of the conditions of her probation. Upon adjudication she was committed to the custody of the Department of Corrections.
Through counsel, Tina Marie filed a motion in the Juvenile Court for release from custody. She contended that her confinement under LSA-R.S. 13:1569, subd. 15(b), (c), and (d) and LSA-R.S. 13:1570, subd. A(3) is illegal and in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States in that the said statutes are unconstitutional. The Juvenile Court held the statutes constitutional and denied the motion. The juvenile appeals.
During oral argument, appellant’s counsel stated to the court that the juvenile is no longer in the custody of the Louisiana Department of Corrections. Counsel informed the Court that the juvenile had been paroled into the custody of St. Elizabeth’s Children’s Home. Therefore, the juvenile is now under the supervision and *580 control of the Louisiana Health and Human Resources Administration, Division of Youth Services.
The motion for release is akin to a habeas corpus proceeding. It seeks to obtain the release of the juvenile from the custody of the Department of Corrections. It would serve no useful purpose for this Court to determine whether the statutes are unconstitutional, for any decree which this Court would render, if we were to find merit in the juvenile’s contentions, would be unenforceable. This Court will not render judgments which cannot be made effective nor give opinions on moot questions from which no practical results can follow.
Having decided that the issue of the release of the juvenile from the custody of the Department of Corrections is moot, it is not necessary for us to consider whether the Juvenile Court was correct in denying the motion for release. The appeal is dismissed at appellant’s costs.
Dismissed.
REDMANN, J., dissents from dismissal and would affirm for the Trial Judge’s reasons.