337 So.2d 641 (1976)
In the Interest of Tina Marie GRAS.
No. 7009.
Court of Appeal of Louisiana, Fourth Circuit.
September 14, 1976.
*643 Abbott J. Reeves, Metairie, for plaintiffappellee.
Robert Glass, New Orleans, for respondent-appellant.
Before REDMANN, BOUTALL and MORIAL, JJ.
MORIAL, Judge.
This matter previously was before this court (La.App., 320 So.2d 578) and remanded to us by the Supreme Court (La., 323 So.2d 473).
The sole issue for our determination on remand is whether LSA-R.S. 13:1569, subd. 15(b), (c), and (d)[1] and LSA-R.S. 13:1570, subd. A(3)[2] are constitutional.
Appellant attacks the statutes on three grounds:
1. LSA-R.S. 13:1569, subd. 15(b), (c), and (d) on their face violate the due process clause of the 14th Amendment to the United States Constitution because they are vague and overbroad.
2. The provisions of LSA-R.S. 13:1569, subd. 15(b), (c), and (d) punish a status rather than specific acts in violation of the 8th Amendment to the United States Constitution.
3. Adjudication pursuant to LSA-R.S. 13:1569, subd. 15(b), (c), and (d) and LSA-R.S. 13:1570, subd. A(3) constitutes a restraint of the child's liberty for non-criminal behavior without a legitimate state purpose.
The language of LSA-R.S. 13:1569, subd. 15(b), (c), and (d), is not vague on its face as to deny a "child in need of supervision" (CINS) due process of law. A reading of the statute clearly indicates the intent of the legislature is to provide *644 for judicial supervision of a certain class of children who are engaging in conduct which is detrimental to their development and well-being in lieu of affixing the stigma of delinquence on such children upon adjudication. Where there is an allegation of a violation of section (b) or (c), the court must also consider section (d) which contains a mandatory prerequisite second element for a CINS adjudication. Inherent in LSA-R.S. 13:1569, subd. 15(b), (c), and (d) is the requirement for an adjudicatory hearing to determine judicially if the elements of either (a) or (b) are present and that the child is "in need of care or rehabilitation."[3] Appellant's fear that a child who engages in normal adolescent misbehavior or trivial juvenile conduct will be adjudicated a CINS arbitrarily is without merit. That danger is eliminated by the requirement of LSA-R.S. 13:1569, subd. 15(d). See A. v. City of New York, 31 N.Y.2d 83, 335 N.Y.S.2d 33, 286 N.E.2d 432 and In re S, 10 Cal.App.3d 944, 89 Cal.Rptr. 685.
A detailed listing of every type of behavior falling within the purview of "child in need of supervision" is unrealistic. A cursory attempt to define all types of behavior injurious to a child with mathematical precision makes the reason for granting Broad and general jurisdiction obvious. The state's interests in protecting the physical, moral or mental well-being of children under seventeen years of age is at the heart of the juvenile act. See La.Const.1921, Art. 7, § 52; La.Const.1974, Art. 14, § 16(A); LSA-R.S. 13:1580.
We are of the opinion that an adolescent child is capable of discerning conduct on his part which is contrary to the reasonable demands of his parent or guardian. Further, at the statutorily mandated inquiry the child becomes aware of his conduct which will result in further court action, i. e., an informal adjustment or the filing of a petition. See LSA-R.S. 13:1574.
The contention of appellant that the statute prevents a child from adequately preparing a defense is without merit. LSA-R.S. 13:1574 requires a specific pleading of the facts which bring the child within the purview of the provisions of Chapter 6 of the Revised Statutes. Additional procedural due process safeguards are provided by LSA-R.S. 13:1574 and 1575.
Appellant relies heavily on Gesicki v. Oswald, 336 F.Supp. 371, aff'd, 406 U.S. 913, 92 S.Ct. 1773, 32 L.Ed.2d 113 (1972), in which a portion of the New York Wayward Minor Act (N.Y.Code of Crim.Pro. § 913(a)(dd)) was held unconstitutional on the ground of vagueness. However, in Gesicki the court clearly distinguished between the penal nature of the Wayward Minor Act and the state's statutory scheme for treatment of juvenile offenders. The Wayward Minor Act, which was contained in the New York Code of Criminal Procedure, provided for trials of juveniles in the courts of general criminal jurisdiction, and permitted placement of minors in adult correctional facilities. The court was concerned with the probability that these children would not be treated substantially different from adult criminals. Gesicki is not persuasive in the interpretation of our statutory scheme for the treatment of juveniles.
Appellant's argument that a "child in need of supervision" may be punished for constitutionally protected behavior is less than persuasive and unrealistic. A CINS child is not being adjudicated a criminal and placed in a facility as a punitive measure. See In re Parker, 118 La. 471, 43 So. 54 (1907). The object of the CINS statute is to provide rehabilitation and treatment for juveniles who engage in the sort of conduct therein proscribed. Although marginal cases could be placed where doubts might arise that is no basis to strike down the statute for vagueness. See United States v. Harriss, 347 U.S. 612, 618, 74 S.Ct. 808, 98 L.Ed. 989.
We do not find that LSA-R.S. 13:1569, subd. 15(b), (c), and (d) punish a *645 status which does not involve any specific acts on the part of the child. The statute requires a finding by the court that the child in question is engaging in the type of conduct proscribed by the statute.
Tina Marie Gras ran away six times and violated the provisions of her probation agreement. On the basis of those actions, the court found it necessary to classify Tina as a "child in need of supervision" and to place her in a closed setting.
This court is cognizant of the difficulties experienced in the adolescent years. However, we agree with the judge of the juvenile court that Tina Marie needed some form of control and discipline in her life. A child who is having a particularly difficult time in adjusting during the difficult adolescent period is more than likely to benefit from a state program when his parents or guardians can no longer provide him with the necessary guidance and supervision.
We find that the placement by the juvenile court of CINS children in approved facilities with qualified staffs is a valid exercise of parens patriae and serves a legitimate state purpose. Under the theory of parens patriae, the state is responsible for the welfare of its children. In the case of CINS the state is attempting to provide these children with the treatment, guidance, and care which under normal circumstances is provided in the home. The proceedings in the instant case illustrate the concerted effort of the juvenile court and its probation office to act in the best interest of the child by providing her with an environment best suited to meet her adolescent behavior problems.
We agree that a child adjudicated a CINS should not be placed in custody with children who have been adjudicated delinquents. Nevertheless, such placement, which is alleged to be a constitutional violation, is not a defect in the statute; it is a potential defect in the state's performance of its custodial function following a dispositional order. The placement does not invalidate the statutory provision which authorized the CINS adjudication preceding placement. See Vann v. Scott, 7 Cir., 467 F.2d 1235. Furthermore, appellant was not committed to the Department of Corrections following her CINS adjudication. She was committed to the Department of Corrections at a dispositional hearing following her adjudication as a delinquent. See LSA-R.S. 13:1580(2). This adjudication was based upon her admission to the charges in a petition alleging her to be a delinquent by virtue of the extreme violation of the terms of her probation placement.
For the foregoing reasons the judgment of the Juvenile Court for the Parish of Jefferson is affirmed.
AFFIRMED.
NOTES
[1] LSA-R.S. 13:1569 in pertinent part provides:

* * * * * *
"15. `Child in need of supervision' means a child who:
* * * * * *
"b. habitually disobeys the reasonable and lawful demands of his parents, tutor, or other custodian, and is ungovernable and beyond their control; or
"c. has committed an offense not classified as criminal or one applicable only to children; and
"d. in any of the foregoing, is in need of care or rehabilitation."
[2] LSA-R.S. 13:1570 in pertinent part provides:

"Except as otherwise provided herein, the court shall have exclusive original jurisdiction in proceedings:
"A. Concerning any child whose domicile is within the parish or who is found within the parish:
* * * * * *
"(3) Who absents himself from home or usual place of abode without the consent of his parent or other custodian or who is habitually disobedient or beyond the control of his parent or other custodian."
[3] LSA-R.S. 13:1569(18) states: "`Adjudicatory hearing' means a hearing to determine whether the allegations of a petition under this chapter are supported by the standard of proof applicable to that case or class of case."