357 So.2d 634 (1978)
STATE of Louisiana in the Interest of Lee John BELLANGER, special juvenile.
No. 11941.
Court of Appeal of Louisiana, First Circuit.
March 20, 1978.
*635 Jerome J. Barbera, III, Asst. Dist. Atty. and Francis Dugas, Dist. Atty., Thibodaux, for the State of Louisiana, appellee.
Herbert O'Niell, Thibodaux, for Lee John Bellanger, appellant.
Before COVINGTON, CHIASSON and PONDER, JJ.
PONDER, Judge.
Lee John Bellanger, a juvenile, appeals from an order committing him to the Department of Corrections.
The issue is whether a truant may be committed to the Department of Corrections. The lower court held that he could. We reverse and remand.
The juvenile had been before the Juvenile Court for truancy and had been placed on supervised probation for an indefinite period of time not to exceed his eighteenth birthday, with the special condition, among others, that he attend school with no unexcused absences.
He again came before the Juvenile Court with the petition citing that he was a delinquent child and/or a child that needed supervision and that he had violated a special condition of the probation in that he willfully and intentionally missed school without a valid excuse on at least 16 days, and that he had violated LSA-R.S. 17:221 and 17:233. The juvenile judge committed Lee John Bellanger to the Department of Corrections.
Only those juveniles adjudicated delinquent may be committed to the Department of Corrections. LSA-R.S. 13:1580(2). A delinquent child is one who has committed a delinquent act and is in need of care or rehabilitation. LSA-R.S. 13:1569(14). Delinquent act is one designated as a crime under the statutes or ordinances. LSA-R.S. 13:1569(13). A habitual truant is classified as a child in need of supervision. LSA-R.S. 13:1569(15).
Prior to the amendment of 1975, the court could commit a child in need of supervision, but now before doing so the court must find the child to be a delinquent.[1]
Therefore, reluctantly we hold that the legislature in the recent amendments has removed the power of the court to hold a truant a delinquent and to commit him to the Department of Corrections.
LSA-R.S. 17:221[2] is not to the contrary; it is directed to parents, tutors and others in similar circumstances, not at the juveniles.
LSA-R.S. 17:233 [3] speaks of reporting a habitually absent juvenile as a delinquent *636 but not of classifying him as a delinquent subject to commitment.
Furthermore, we find that the contempt of court for violation of probationary terms is insufficient to place the appellant in the category of a "delinquent child" because of the fundamental principle that the punishment for contempt could not exceed that given in the original hearing.
For the reasons given above, the judgment of the trial court is reversed, with costs cast to the appellee to the extent possible under the law.
REVERSED AND REMANDED.
NOTES
[1] If the interpretation of In Interest of Gras, 337 So.2d 641 (La.App. 4th Cir. 1976), is to permit a child in need of supervision to be committed to the Department of Corrections, we respectfully disagree.
[2] LSA-R.S. 17:221:

"Every parent, tutor, or other person residing within the state of Louisiana, having control or charge of any child between the ages of seven and fifteen, both inclusive (i. e., from the seventh to the sixteenth birthday), shall send such child to a public or private day school provided that any child below the age of seven who legally enrolls in school shall also be subject to the provisions of this Subpart. Every parent, tutor, or other person responsible for sending a child to a public or private day school under provisions of this Subpart shall also assure the attendance of such child in regularly assigned classes during regular school hours established by the school board.
"Whoever violates the provisions of this Section or any other provisions of this Subpart shall be fined not more than fifteen dollars. Each day the violation continues shall constitute a separate offense.
"Visiting teachers, or supervisors of child welfare and attendance, with the approval of the parish or city superintendents of schools, shall file proceedings in court to enforce the provisions of this Subpart."
[3] LSA-R.S. 17:233:

"Visiting teachers, or supervisors of child welfare and attendance, shall after written notice to the parent or tutor of a child, or a personal visit of notification report any such child as habitually absents himself from school or as is habitually tardy to the family court judge of the parish or city as a delinquent child, there to be dealt with in such manner as the court may determine, either by placing the delinquent in a home or in a public or private institution where school may be provided for the child, or otherwise.
"A child shall be considered habitually absent or habitually tardy when either condition continues to exist after all reasonable efforts by the principal and the teacher have failed to correct the condition. The principal, with the aid of the teacher, shall file a written report of the school's efforts showing dates of absence or tardiness, dates and results of school contacts with the home, and such other information as may be needed by the visiting teacher, or supervisor of child welfare and attendance."