M. Michael Potokeb, J.
Following a dispositional hearing held before me on August 19, 1970 respondent, a 15-year-old girl, was placed in the New York State Training School (Family Ct. Act, §§ 754, 756). The training school was directed by the court to provide psychiatric care for respondent and to submit to the court periodic progress reports every 60 days beginning October 19, 1970.
When the training .school failed to submit the initial report the matter was adjourned for one week to October 26. On the *879 latter date the court was in receipt of a letter from Thomas E. Tunney, Superintendent of the training school at Hudson, New York, together with a report submitted by the school psychiatrist. The information disclosed that the respondent was first seen by a school psychiatrist following the court’s October 20 notice to the school. The letter advised that the training school does not employ a full-time psychiatrist and that the services of a part-time psychiatrist are devoted to diagnostic and consultative .services. The psychiatric report further indicated that the respondent was not in need of psychiatric treatment and that no further progress reports would be rendered unless the child suffered a schizophrenic recurrence.
Since the training school’s psychiatric diagnosis differed with previous psychiatric reports furnished to the court by the Bureau of Mental Health Services, Elmhurst General Hospital and Creedmoor Hospital, the court suggested that the Law Guardian move for a termination of placement (Family Ct. Act, § 762) on the ground that respondent was not receiving psychiatric treatment as provided for in my order of placement dated August 19, 1970. A hearing on the Law Guardian’s motion was then scheduled for November 6 and subpoenas were authorized for the training school representative and psychiatrist.
On the adjourned date the court learned that the school had released the respondent to her mother on October 30 and that the school would not be represented at the hearing.
Under section 762 of the Family Court Act, the court, on its own motion or on motion of any interested person acting on behalf of the respondent, may for good cause shown set aside, modify or vacate any order issued in the course of a proceeding under article 7, proceedings concerning juvenile delinquency and persons in need of supervision — of the act. (See Matter of Smith, 92 N. Y. S. 2d 529; Matter of Alaimo, 16 A D 2d 814.)
In this proceeding the court finds that the training school’s refusal or inability to abide by the court’s original order of placement is sufficient ground to terminate said placement. The Superintendent of the State training school was obliged to advise the court that he could not accept the child if psychiatric treatment, which he was unable to provide, was made a condition of placement. Having failed to do so and in view of his letter that the State institution does not employ a psychiatrist to treat a respondent, this court has no other alternative than to vacate and set aside the placement.
*880 Pursuant to section 761 of the Family Court Act the court on its own motion granted a new dispositional hearing and respondent is placed on probation for a period not to exceed one year (Family Ct. Act, § 757). Respondent is also referred for counseling and psychotherapy to be arranged by the Probation Department.