■ In the Matter of JEANETTE M. (Anonymous), Appellant.— Appeal from an order of the Family Court, Kings County, dated August 22, 1972, which adjudged appellant a person in need of supervision and ordered her placed in the New York State Training School for 18 months. Order modified, on the law and the facts and in the exercise of discretion, by striking therefrom the decretal paragraph which ordered appellant placed in the training school for 18 months. As so modified, order affirmed, without costs, and proceeding remanded to the Family Court for a fuller exploration as to whether there are facilities other than the training school, more suitable for appellant. Appraising this record in the belief that a child in need of supervision (not a juvenile delinquent) should not be placed in the New York State Training School unless all other reasonable means of placement have been fully inves-

tigated and exhausted, we feel that the determination below placing appellant in the New York State Training School may not stand. We are here dealing with a 13-year-old girl who has not committed a crime and who, according to the psychiatrist's report, is "deprived, frustrated, angry and depressed, with fragile self-esteem and little control." The learned Family Court Judge, as have many others in his position, agonized over what he deemed to be the necessity for remanding this young child to the training school because he felt that he had "no other recourse", although recognizing that "the essential services lacking are places for children such as [appellant] who must be sympathized with, and who we must attempt to try to help, being aware that the child has been brutally treated by our society." This young girl, who needs supervision, apparently solely because of her sordid family surroundings, is in need of care, tenderness and love, not imprisonment (cf. *Matter of Gault,* 387 U. S. 1, 27). Our judicial system admits its abject failure if the only remedy it can find to help such a child is to integrate her in a facility with those confined for misconduct of a criminal nature. We believe that under the circumstances of this case the Family Court, with the aid of the social service agencies at its command (see Family Ct. Act, § 255), should make a further effort to find better placement for this child either in a foster home where she can be treated as a member of the family unit or some other appropriate agency. The obligation of society to this young girl is to rehabilitate her. We believe this can best be accomplished by the disposition here ordered. Martuscello, Acting P. J., Latham, Shapiro, Christ and Benjamin, JJ. concur.