Chief Judge Fulo.
The appellant, Ellery C., now 16 years old, was adjudged a person in need of supervision (PINS) on the application of his mother in March of 1971. About a year later, the Family Court (Kings County), on recommendation of the Probation Department, sent him to the New York State Training School at Otisville.1 The Appellate Division, by a closely divided vote, affirmed that disposition (40 A D 2d 862).
Until 1962, a child who committed acts which now warrant his adjudication as a person in need of supervision was treated as a juvenile delinquent (former Children’s Ct. Act, § 2, subd. 2). The new PINS statute (L. 1962, ch. 686) “ represents enlightened legislative' recognition of the difference between youngsters [juvenile delinquents] who commit criminal acts and those who merely misbehave in ways which, frequently, would not he objectionable save for the fact that the actor is a minor (e.g., running away from home, keeping late hours, truancy, etc.) ” (Matter of Jeanette P., 34 A D 2d 661; see, also, Dembitz, New York Family Court, 48 Cornell L. Q. 499, 505-508.) There is *591 a vital distinction between a finding of delinquency and a determination of a need for supervision. The Family Court Act provides that a “ dispositional hearing ” in a case involving delinquency is one to determine whether the juvenile requires supervision, treatment or confinement, while such a hearing in a need-for-supervision case is to ascertain whether the youngster requires supervision or treatment. The omission of the word “ confinement ” is no mere oversight. Children in need of supervision should not be placed in institutions in which juvenile delinquents are confined and, as might be expected, the practice has been severely condemned. (See, e.g., Matter of Jeanette P., 34 A D 2d 661, supra; Matter of Lloyd, 33 A D 2d 385; see, also, Lollis v. New York State Dept, of Social Servs., 322 F. Supp. 473.)[2]
The conclusion is clear. Proper facilities must be made available to provide adequate supervision and treatment for children found to be persons in need of supervision. We thoroughly agree, therefore, with the view, expressed by Justice Shapiro in the course of his dissenting opinion (40 A D 2d, at p. 864), that the appellant’s confinement in the training school, along with juveniles convicted of committing criminal acts, “ can hardly, in any realistic sense, serve as ‘ supervision ’ and [1] treatment ’ for him. On the contrary, it may well result in his emerging from his incarceration well tutored in the ways of crime. Such confinement is not consistent with the implied, if not explicit, purposes set forth in section 255 of[1] the Family Court Act, which authorizes the court to seek the co-operation of and use [1] the services of all societies or organizations, public or private, having for their object the protection or aid of children or families * * * to the end that the court may be assisted in every reasonable way to give the children * * * within its jurisdiction such care, protection and assistance as will best enhance their welfare ’ (italics supplied).”
Nor may the appellant’s commitment to the State training school be justified by the respondent’s claim that, “while not *592 ideal, [it] is the only facility available which could possibly help this boy become a constructive member of society.” In the first place, the record before us does not support that claim and, in the second place, to cull from the dissenting opinion below (40 A D 2d, at pp. 864-865), even if it did, “ it would hardly justify * * * [appellant’s] confinement * * * with adjudicated juvenile delinquents in a prison environment.” (See, also, Matter of Stanley M., 39 A D 2d 746, 747; Matter of Arlene H., 38 A D 2d 570, 571.) It follows, therefore, that persons in need of supervision may not validly be placed in a State training school.
Matter of Tomasita N. (30 N Y 2d 927) does not constitute authority to the contrary. Having decided that the PIN’S statute was not subject to successful constitutional attack on due process grounds, the court elected not to address itself to the validity or propriety of the order then before it—which placed the youngster in a training school—in view of the fact that she had been released from confinement prior to the expiration of her placement period and was no longer detained in that institution when the decision was handed down.
The order appealed from should be reversed and the proceeding remitted to the Family Court for the purpose of placing the appellant in a suitable environment.
Judges Burke, Breitel, Jasek, Gabrielli, Jokes and Wachtler concur.
Order reversed, without costs, and matter remitted to Family Court for further proceedings in accordance with opinion herein.

. The Probation Department’s recommendation was based, in part, on the ground that the several attempts to place the appellant elsewhere had proved unsuccessful.

. It has been well said that the distinction between the two types of children —• juvenile delinquents and those in need of supervision — “becomes useless where, as here, the treatment accorded the one must be identical to that accorded the other because no other adequate alternative has been provided.” (Matter of Jeanette P., 34 A D 2d, at p. 661.)