■ In the Matter of ALFORNCE O'NEAL, Petitioner, v PHILLIP TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated June 28, 1976 and made after a statutory fair hearing, which affirmed a determination of the respondent Commissioner of the Westchester County Department of Social Services to discontinue petitioner's assistance in the form of home relief for at least 75 days. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The evidence supports the State commissioner's determination (see Social Services Law, § 131, subds 5, 11; cf. *Lavine v Milne,* 424 US 577; *Matter of Barie v Lavine,* 48 AD2d 36, affd 40 NY2d 565). "No assistance or care shall be given to an employable person who * * * has refused to accept employment in which he is able to engage" (Social Services Law, § 131, subd 5). Hopkins, Acting P. J., Latham, Damiani and Hawkins, JJ., concur.

■ In the Matter of ANTHONY ORZA, Petitioner, v EUGENE R. KELLEY, as Commissioner of Police of the County of Suffolk, et al., Respondents.— Proceeding pursuant to CPLR article 78 to review a determination of the respondent police commissioner, dated August 20, 1976, which reaffirmed the punishment of dismissal previously imposed (see *Matter of Orza v Kelley,* 53 AD2d 671). Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. Dismissal of petitioner from service was not so disproportionate to his offenses as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Hopkins, Acting P. J., Cohalan, Damiani and Hawkins, JJ., concur.

■ In the Matter of FRANCISCO R., Appellant, a Person Alleged to be a Juvenile Delinquent.—In a juvenile delinquency proceeding, the appeal is from an order of the Family Court, Kings County, dated January 19, 1977, which, after a fact-finding determination that appellant had committed acts which, if done by an adult, would constitute a crime, placed him with the Division for Youth. Order reversed, on the law, without costs or disbursements, and proceeding remitted to the Family Court for a new dispositional hearing. Subdivision (a) of section 756 of the Family Court Act, as amended (L 1976, ch 514, § 2), was not designed to eliminate the Family Court's control over the ultimate placement of a juvenile with a particular agency or class of agencies, as made clear by the legislative history of the 1976 amendment. The Corporation Counsel, with commendable candor, has so conceded. Hopkins, Acting P. J., Latham, Damiani and Hawkins, JJ., concur.