■    In the Matter of KYLE S., Appellant.—Upon the court's own motion, and upon the brief of the Division for Youth and the appellant's reply brief submitted pursuant to an order of this court dated May 12, 1978, the court's decision, dated January 3, 1978 *(Matter of Kyle S.,* 60 AD2d 847), is vacated and rescinded and the following substituted decision is rendered: In a juvenile delinquency proceeding, the appeal is from an order of the Family

Court, Kings County, dated May 6, 1977, which, after a fact-finding determination that appellant had committed acts which, if done by an adult, would constitute the crime of robbery in the second degree, placed him with the Division for Youth. Order reversed, on the law, without costs or disbursements, and proceeding remitted to the Family Court for a new dispositional hearing. The failure of the Family Court Judge to direct the ultimate placement of appellant in a particular agency or class of agency requires that appellant be granted a new dispositional hearing. The recent amendments to section 756 of the Family Court Act were made to insure that the State would be eligible for Federal reimbursement for certain placements. (See Barsky and Gottfried, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Part 1, Judiciary-Court Acts, Family Ct Act, § 756.) It was not intended that the Family Court lose control over the ultimate placement of the youth. (See Governor's memorandum on approving L 1976, chs 514-516, NY Legis Ann, 1976, p 396.) When placing a youth with the Division for Youth, the Family Court must specify whether the placement should be in a title 2 or a title 3 facility (see *Matter Francisco R.*, 56 AD2d 847). However, such placements must also be consistent with article 19-G of the Executive Law (see Family Ct Act, § 756, subd [a]). Subdivision 3 of section 511 of the Executive Law provides that the Division for Youth shall determine in which institution under title 3 a child so placed shall be cared for. Subdivision 4 of section 502 of the Executive Law allows the division, in its discretion, to refuse to admit any youth to a title 2 youth center if such admission would not be in the best interests of the child. Thus, it appears that the Family Court may make specific placements in title 2 facilities, although the division is free to reject them for good cause. In such a case, the proper procedure would be to grant a new dispositional hearing under section 761 of the Family Court Act (cf. *Matter of Ilone I*, 64 Misc 2d 878). Mollen, P. J., Titone, Suozzi and Rabin, JJ., concur.