■ In the Matter of GEORGE PRATT, Respondent, v CHRISTINE PRATT, Respondent, and ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant.—Appeal from an order of the Family Court of St. Lawrence County, entered May 29, 1978, which provided that the release of custody of

the children to the mother shall be under the supervision of the St. Lawrence County Department of Social Services for an initial period of one year, and directed the department to petition the court in the eleventh month of supervision for a continuation or termination of supervision as the department shall deem appropriate. A judgment of divorce was entered in the office of the Clerk of the County of St. Lawrence on March 29, 1976, dissolving the marriage of Christine Pratt and George Pratt. The judgment provided that Christine Pratt should have custody of their six infant children, and that the Family Court have concurrent jurisdiction with the Supreme Court of any matters of custody, visitation and support. On February 21, 1978, George Pratt filed a custody petition requesting custody of the children. On May 16, 1978, the issues were resolved by a stipulation entered on the record. An order based upon the stipulation was entered on May 29, 1978 which provided that all of the children would continue in the custody of the mother, Christine Pratt, except Vincent, who was placed in the custody of the father George Pratt. The order further provided that the release of custody to the mother be under the supervision of the St. Lawrence County Department of Social Services for an initial period of one year, and directing the department to petition the court in the eleventh month of supervision for a continuation or termination of supervision as the department, in its opinion, shall deem appropriate. The Department of Social Services was not a party to the proceeding and appeals from that part of the order which provides for supervision by the department. George Pratt and Christine Pratt do not oppose this appeal, opposition being by the Law Guardian appointed to protect the interests of the children. The first question raised is whether the Department of Social Services has the right to bring this appeal since it was not a party to the proceeding in Family Court. Any person aggrieved may appeal even where they are not a party to the Family Court proceeding *(Matter of Currier v Honig,* 50 AD2d 632). The department, having been ordered to perform an act which it contends the court had no authority to compel it to do, is sufficiently involved to attain standing to appeal. The Department of Social Services contends the Family Court had no specific authority to issue an order directing the department to provide supervision over release of custody of children to their parents following a custody proceeding. The petition before Family Court alleged, *inter alia,* that the care of the children by the respondent mother had deteriorated to the point where the petitioner had fears for the safety and physical and mental well-being of the children; that respondent had appeared intoxicated in public and had engaged in frequent acts of sexual intercourse with numerous partners in the presence of the children; and that, upon information and belief, the children were in danger of becoming neglected. The order of Family Court placed certain restrictive conditions upon the conduct of both parents. Section 255 of the Family Court Act authorizes a Family Court to "order, any agency or other institution to render such information, assistance and cooperation as shall be within its legal authority concerning a child who is or shall be under its care, treatment, supervision or custody as may be required to further the objects of their acts. The court is authorized to seek the cooperation of and may use, within its authorized appropriation therefor, the services of all societies or organizations, public or private, having for their object the protection or aid of children or families * * * to the end that the court may be assisted in every reasonable way to give the children and families within its jurisdiction such care, protection and assistance as will best enhance their welfare." Section 1054 of the Family Court Act provides that, if the order of disposi-

tion releases the child to the custody of the parent, the court may place the person to whose custody the child is released under supervision of a social services official or duly authorized agency (cf. Family Ct Act, §§ 1056, 1057). By reason of the aforesaid statutes, the Family Court has, by either express grant of statutes or implied in the statutes, authority to order such supervision (Matter of Edward M, 76 Misc 2d 781, affd 45 AD2d 906; see Brown v Brown, 71 Misc 2d 818; Matter of Rand v Rand, 56 Misc 2d 997). Order affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Staley, Jr., JJ., concur.