■ In the Matter of CHRISTOPHER E., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Westchester County (Scancarelli, J.), dated May 4, 1990, which, upon a fact-finding order of the same court, dated April 16, 1990, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crimes of attempted robbery in the second degree (three counts) and assault in the second degree, adjudged him to be a juvenile delinquent, and placed him under the supervision of the New York State Division for Youth, Title III, for a period of 18 months. The appeal brings up for review the fact-finding order dated April 16, 1990.

Ordered that the order of disposition is modified, on the law, by (1) deleting from the second decretal paragraph the following language: "subject to further order of this court", (2) deleting the fifth decretal paragraph, and (3) adding thereto a provision pursuant to Family Court Act § 353.3 (9) directing that the respondent shall be confined in a residential facility for a minimum period of at least six months; as so modified, the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contention, although the photographic array viewed by the complainant approximately one month after the crime depicted the appellant against a beige venetian blind background and the other individuals against white backgrounds, it was not unduly suggestive. The photographs selected demonstrate that similarity of features, age, dress, and expression, were duly taken into account. It cannot be said that the photographic array indicated that the police had made a particular selection (see, People v Cherry, 150 AD2d 475; People v Hawkins, 126 AD2d 747; People v Emmons, 123 AD2d 475). Nor was the photographic identification by the complainant improper simply because a corporeal lineup, the preferred procedure, was not employed (see, People v Diaz, 123 AD2d 713).

Moreover, assuming arguendo, that the identification procedure was suggestive, the record reveals that the in-court identification had an independent basis since the complainant had the opportunity to view the appellant in close proximity during the commission of the crime (see, People v Adams, 53

NY2d 241, 251; *People v Whitaker,* 126 AD2d 688, 689). The complainant's testimony with regard to his inability to make a prior in-court identification of the appellant, despite that he had previously made a photographic identification of the appellant, merely presented an issue of credibility *(see, People v Badalucco,* 127 AD2d 669), which in this case was properly determined by the Family Court.

Also lacking in merit is the appellant's contention that a witness's prior inconsistent statement was improperly admitted into evidence. The record indicates that the presentment agency properly laid a foundation for the introduction of the statement into evidence, and that it was properly admitted for impeachment purposes *(see, People v Wise,* 46 NY2d 321; *People v Raja,* 77 AD2d 322, 324-325).

The Family Court's decision to place the appellant in a New York State Division for Youth, Title III facility was not an improvident exercise of discretion. The record clearly supports the court's determination that the needs and best interests of the appellant, as well as the need for protection of the community, would be best served by that placement, which is the least restrictive alternative under the circumstances in this case *(see,* Family Ct Act § 352.2 [2]; *Matter of Katherine W.,* 62 NY2d 947). However, we note that the Family Court lacked the authority to condition the release of the appellant from a New York State Division for Youth facility throughout the entire 18-month period of placement, upon a further order of that court. Family Court Act § 353.3 (9) provides in pertinent parts as follows: "If the court places a respondent with the division for youth pursuant to this section after finding that such child committed a felony, the court * * * [is authorized to preclude release from] a residential facility for a minimum period set by the order, not to exceed six months". Thus, the Family Court is authorized to preclude release from a residential facility for a period not to exceed six months. Thereafter, the Division for Youth may release the appellant at anytime during the remaining 12 months of placement *(see,* Executive Law art 19-G). Therefore, the order of disposition is modified accordingly.

We have examined the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.