In the Matter of LAVAR C., a Person Alleged to be a Juvenile Delinquent. (Appeal No. 1.)

Fourth Department, December 30, 1992

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General,* Rochester *(James Gelormini* and *Wayne L. Benjamin* of counsel), for Division for Youth, appellant.

*Robert L. Brenna, Jr.,* Rochester, for Lavar C., respondent.

*Ronald A. Case, Deputy County Attorney* of Monroe County, Rochester *(Joseph Pilato* of counsel), for Monroe County Presentment Agency, respondent.

### OPINION OF THE COURT

PINE, J.

By petition dated January 9, 1992, the Monroe County Attorney's office, the presentment agency, sought an order adjudicating 13-year-old Lavar C. a juvenile delinquent on the ground that he had committed acts that, if committed by an adult, would constitute the crime of murder in the second degree and other related crimes. Monroe County Family Court determined, based upon Lavar C.'s admissions, that he had committed acts that would constitute assault in the first degree and manslaughter in the second degree if committed by an adult. A full dispositional hearing was held, spanning several days. Following the hearing, Family Court ordered that Lavar C. be placed with the New York State Division For Youth (DFY) for 18 months pursuant to Family Court Act § 353.3 (3) (b). The order of disposition further provided that Lavar C. could be placed only at one of three specified residential centers, that DFY could not transfer or release respondent from that placement without court approval, and that DFY was to provide the court with progress reports on Lavar C. every 60 days.

Neither Lavar C. nor the presentment agency appealed from the order of disposition. DFY, represented by the Attorney-General, filed a notice of appeal from the order of disposition (as well as from an earlier, nonfinal order) and moved to settle the record on appeal. Family Court denied DFY's motion to settle the record on the ground that DFY lacked standing to prosecute the appeal. Family Court relied on

Executive Law § 501-b and Family Court Act § 365.1 in concluding that DFY lacks standing, and, thus, that Family Court was not required to settle the record.

Three issues are presented for our determination: whether Family Court erred in refusing to settle the record in the underlying juvenile delinquency proceeding; whether DFY has standing to appeal from the order of disposition in that proceeding; and whether the dispositional order was improper. We conclude that Family Court should have settled the record, that DFY has standing and that the dispositional order was improper in three respects. Despite the absence of a record settled by Family Court, we are able to review the issues raised because, pursuant to our order, the original Family Court record has been provided to us.

Whether DFY has standing is a matter for determination by this Court, not the trial court, at least in a case such as this where the party seeking to appeal is a party to the order and is aggrieved. Every appellant has a clear legal right to settlement of the record (*Wahrhaftig v Space Design Group*, 28 AD2d 940) and Family Court should have settled the record on the underlying appeal even if a motion to dismiss that appeal were later granted by this Court.

With respect to standing, CPLR 5511 provides that an aggrieved party may appeal from any appealable judgment or order. Family Court Act § 1118 provides that the CPLR applies "where appropriate" to appeals under article 11 of the Family Court Act. An aggrieved party may include a party to the order (*see, Matter of Pratt v Pratt*, 67 AD2d 771, *lv denied sub nom. Matter of George P. v Christine P.*, 47 NY2d 711; *see also, Matter of Montpelier v Montpelier*, 83 AD2d 683; *Matter of Currier v Honig*, 50 AD2d 632; 10 Carmody-Wait 2d, NY Prac § 70:126).

DFY is directed by the underlying order on appeal in this case to place respondent in one of three specified institutions for a period of time and under conditions that it claims are illegal. Beyond any doubt, DFY is a party to the underlying order in this case and is aggrieved.

Thus, the issue is whether the right to appeal that DFY would otherwise have has been abrogated by either Family Court Act § 365.1 or Executive Law § 501-b. An examination of those statutes persuades us that neither was intended to have any such effect and that neither should be so interpreted.

Family Court Act § 365.1 was enacted in 1982 as part of the recodification of the juvenile delinquency article. Previously, all appeals from Family Court orders were governed by Family Court Act article 11, which distinguished between final orders and intermediate orders in terms of appealability and provided that an appeal may be taken as of right from any order of disposition. That article still governs all Family Court appeals except to the extent that section 365.1 provides to the contrary in juvenile delinquency proceedings. It was held in 1980 that an appeal by a presentment agency from a dispositional order, for the purpose of increasing its severity, violated the prohibition against double jeopardy *(Matter of John P.,* 74 AD2d 403). The only substantive change in the Family Court Act brought about by the enactment of section 365.1 was to limit the right of appeal of the presentment agency to specified orders. Respondents' appeals are still governed by article 11. Nothing suggests that section 365.1 was ever intended to affect anyone other than the presentment agency.

Executive Law § 501-b gives DFY the right to intervene in "an appeal from a decision of any Court of this State which relates to programs, conditions or services" provided by it. Written notice to the Attorney-General and the director of DFY is required by the party taking the appeal.

The legislative history of that section, enacted in 1974, makes clear that it was enacted because of the disruptive effect on DFY of the Court's decision in *Matter of Ellery C.* (32 NY2d 588), a case in which DFY did not participate. The sponsor wrote:

"The purpose of this bill is to permit the Division of Youth *[sic]* to intervene in any action which involves an appeal relating to the nature and extent of care and treatment given children residing in facilities under its jurisdiction. Notice of appeal is to be given to the Attorney General and the Director of the Division for Youth.

"The State of New York is an indispensable party to any litigation which involves the programs, conditions and services provided by facilities under the Division for Youth's jurisdiction. Since jurisdiction over State training schools was transferred to the New York State Division for Youth by legislation two years ago (Chapter 947, Laws of 1971), major changes have been effectuated in the treatment and care of children in these facilities. Since the outcome of an appeal may have a drastic effect upon the operation of this agency, as shown by

the effect of *Ellery C.* which is described below, it is essential that the Division be permitted to intervene in these actions to fully explain the nature and extent of care and treatment given children residing in the facilities under its jurisdiction.

"For example, in 1973, the *Ellery C.* decision 32 N.Y. 2d 588 resulted in a total reorganization of the State training school system with respect to the mandatory separation of juvenile delinquent and persons in need of supervision in facilities under the Division's jurisdiction. The Division for Youth was never made a party to the action, although major changes in programming and staffing had to be implemented as a result of the decision.

"The Division was not a party in the *Ellery C.* decision because, as in most cases of this type, it resulted from an appeal from a family court placement order. In such cases, the county corporation counsel represents the family court and the legal aid society represents the child. Even though the State is probably most affected by the decision, it is not given notice and if it moves to intervene, is only allowed in as an amicus. As an amicus, the State has no right to make oral argument and its brief is not given the same weight or consideration as that afforded a party" (Mem of Sen. Giuffreda in support of legislation adding Executive Law § 501-b, 1974 NY Legis Ann, at 36-37).

Executive Law § 501-b is tailored to the facts in *Matter of Ellery C. (supra)* and the reasoning of the sponsor's memorandum supports the interpretation that the right of intervention is additional, not exclusive. The fact that the appellant is required to give notice indicates that it is directed to cases where DFY does not even know that it might be affected. The circumstance presented here, that DFY is aggrieved because it is ordered to take action to which it objects, is entirely different.

Having concluded that no statute precludes DFY from taking an appeal and applying the general rule that an aggrieved party to an order may appeal, we conclude that DFY has standing to appeal.

On the merits, Family Court erred in three respects. First, the court explicitly found that a restrictive placement under Family Court Act § 353.5 was not in the child's best interest and that the needs of the community would be served adequately by placement pursuant to Family Court Act § 353.3 (3) (b), which authorizes placement by DFY pursuant

to Executive Law §§ 510 and 511. The court went on to order placement at one of three specified sites. Family Court erred in so ordering; it should have permitted DFY to decide where, within Title III institutions, he should have been placed (Executive Law § 511 [3]; *see, Matter of Kyle S.,* 64 AD2d 666).

Second, Family Court erred in placing Lavar C. for 18 months. Family Court Act § 353.3 (9) provides that Family Court may order the confinement of a juvenile in a residential facility for a minimum period not to exceed six months. Family Court therefore erred in extending its order beyond that six-month period when making a placement pursuant to section 353.3 *(see, Matter of Christopher E.,* 163 AD2d 385, *lv denied* 76 NY2d 712).

Third, Family Court erred in prohibiting release or transfer of Lavar C. without court approval. Executive Law § 511 (3) provides that DFY has authority to discharge or release children placed with it when the interest of such children requires such action.

■ DFY additionally contends that Family Court erred in ordering that progress reports be provided every 60 days. Although the Family Court Act does not specifically authorize such frequent reporting, neither is it precluded by Family Court Act § 353.3 (1), and we find no error in this respect.

Accordingly, the dispositional order should be reversed and the matter remitted for a new dispositional hearing.

GREEN, J. P., BOEHM, FALLON and DOERR, JJ., concur.

Order unanimously reversed, on the law, without costs, and motion granted.