OPINION OF THE COURT
Lee H. Elkins, J.
In this proceeding under Family Court Act article 10, the New York City Corporation Counsel, on behalf of the Administration for Children’s Services, seeks leave of the court to allow Peter R.’s (hereinafter respondent) placement with the Commissioner of Social Services (CSS) to lapse, in light of the respondent’s placement with the New York State Division for Youth (DFY).
This court placed the respondent, Peter R., now 14 years old, with CSS on October 22, 1991. The Commissioner of Social Services brought a neglect proceeding against the respondent’s father, after the father left respondent in the care of a girlfriend without making any provision for the child’s care. Respondent’s mother died in 1987. CSS worked with the father for the respondent’s return to his care for four years, during which time the father intermittently was incarcerated. In the summer of 1995, the 13-year-old respondent ran away from foster care and took up residence with his father. On September 28, 1995 the respondent’s father took the respondent with him to steal an automobile from the parking lot of a Nassau County station of the Long Island Railroad. Both were arrested. The father was convicted of grand larceny and remains incarcerated. A delinquency petition filed against the respondent resulted in an admission to unauthorized use of an automobile (Penal Law § 165.05 [1]). The Family Court of Nassau County transferred the delinquency proceeding to this court for disposition. On January 28, 1996, despite the willingness of the agency where the respondent had been placed by CSS to continue foster care for the respondent, the court placed the respondent for a period of 12 months with DFY for Berkshire Farm, a nonsecure residential facility.
CSS is required to file an extension of placement petition at least 60 days prior to the expiration of the child’s placement in foster care (Family Ct Act § 1055 [a]). The anniversary of Peter R.’s foster care placement was October 22, 1996. Placement with CSS has been temporarily extended pending the decision of the Corporation Counsel’s application. A letter from Berk *280 shire Farm to the Law Guardian, indicates that the respondent has no discharge resources, given his father’s current incarceration and negative influence on the respondent’s conduct. The facility notes that the agency which manages Berkshire Farm is attempting to find a foster care family for the respondent, and recommends that the respondent "remain in [CSS’] foster care system”. The facility notes that "unless a court extension is granted” the respondent will not be eligible for continued services through DFY and, if terminated from placement with CSS, the respondent will have no community resources and will be at risk for continued criminal behavior.
The Corporation Counsel urges this court to allow placement with CSS to lapse, not because the respondent is no longer in need of foster care, but because "DFY placement without a CSS placement does not, in any way, diminish the protection afforded children” in CSS foster care who are found to be delinquent. Corporation Counsel notes that the Family Court in a delinquency proceeding has the authority simply to continue the delinquent child in an existing foster care setting. If such placement is consistent with the protection of the community (Family Ct Act § 352.2 [2]), under Family Court Act article 3 (Family Ct Act § 353.3 [2]) a delinquent child may be placed with CSS. The Corporation Counsel also notes that under either Family Court Act article 3 or 10, placement may be extended annually after judicial review (Family Ct Act § 355.3 [4]; § 1055 [b] [i]). Under both statutes, the Family Court must consider the best interests of the child; efforts made to remove obstacles to the child’s return home; and the services necessary to assist a child over 16 to make the transition from foster care to independent living (Family Ct Act § 355.3 [4] [i], [ii]; § 1028 [b]). Corporation Counsel points out that even a delinquent child placed in a restrictive setting may be transferred from DFY to CSS foster care. Section 399 of the Social Services Law requires CSS to assist DFY, upon discharge of a child from institutional care, to ascertain the conditions of the home and the character and habits of the child’s parents, and to recommend the advisability of discharging the child to the parents’ home. In the event CSS "shall deem it unwise to have any such child returned to his former home,” and with the Commissioner’s consent, the child then may be placed into the care of CSS (Social Services Law § 399).
The common features of placement under Family Court Act articles 3 and 10 lend a syllogistic appeal to the Corporation Counsel’s argument. Moreover, duplication of judicial and ex *281 ecutive efforts should be avoided in the interest of economy of resources. This argument especially is attractive in a case such as this, where it appears that there is little hope of the respondent being discharged from foster care to the care of his father. Nonetheless, the court finds that to discontinue the foster care placement under article 10 would disadvantage the respondent and deprive him of statutory protections to which he is entitled.
The Commissioner of Social Services has responsibility for both neglected and delinquent children placed with CSS by the Family Court, and must provide services to both categories of children (Social Services Law § 398 [2], [3], [6]), as well as to children found to be persons in need of supervision (PINS), destitute or abandoned. Moreover, under Federal mandate, CSS must provide services to prevent such children from coming into or remaining in foster care unnecessarily (42 USC § 670 et seq.). Consequently, the Family Court must consider the efforts made to prevent or to remove the need for placement under both articles 3 and 10 of the Family Court Act. These similarities, however, do not result in an equivalence of the conditions of placement with DFY and CSS, even in a foster care setting.
On the most basic level, foster care placement under Family Court Act article 10 is distinct from DFY placement under article 3, since in the former there is never the possibility of placement in a restrictive setting. A child in foster care who is adjudicated delinquent may be placed in a setting more restrictive than a foster boarding home or group home, if such placement is the least restrictive alternative consistent with the respondent’s needs and the safety needs of the community (Family Ct Act § 352.2 [2]). By statute (Executive Law § 504 [4]) DFY "shall determine the particular [DFY] facility or program in which a child placed with [DFY] shall be cared for, based upon an evaluation of such child.” The same statute gives DFY authority to discharge or to conditionally release children placed with DFY, and to transfer such children from a limited secure or nonsecure facility to another limited or nonsecure facility "when the interest of such children requires” (Executive Law § 504 [4]). Apart from the statutory authority to order the respondent found to have committed an act of delinquency equivalent to a felony placed in a residential facility for a minimum period set by court order not to exceed six months (Family Ct Act § 353.3 [9]), and to order restrictive placement for designated felony acts (Family Ct Act § 353.5), the Family Court has no authority to prohibit DFY from transferring or *282 releasing a child committed to DFY (Matter of Lavar C., 185 AD2d 36 [4th Dept 1992]).
As the Corporation Counsel points out, where the safety of the community permits and the respondent’s needs require placement, an adjudicated delinquent may be placed directly with CSS (Family Ct Act § 353.3 [2]). However, in such placements even though the court specifies that the delinquent child be placed by CSS with a particular agency or class of agencies, the specifics of the placement are entirely within the discretion of the Commissioner, and the court lacks the authority further to condition or to restrict the placement. Therefore, for example, the court could not direct that the child be placed in a family foster home or that the child not be returned home by the Commissioner without further order of the court (Matter of William LL., 84 AD2d 877 [3d Dept 1981]). The court also may place a delinquent child with DFY for a designated agency or class of agencies. (Family Ct Act § 353.3 [4].) However, if DFY is unable to place the child with the designated agency or class of agencies, DFY may place the child in a nonsecure or limited secure facility upon notice to the court, presentment agency, Law Guardian and parents.
A delinquent child may be placed into foster care by DFY under several circumstances. During the period of placement, DFY may conditionally release the child under DFY supervision. "If, in the opinion of [DFY], there is no suitable parent, relative or guardian to whom a youth can be conditionally released, and suitable care cannot otherwise be secured” (Executive Law § 510-a [3] [a]), the child may be conditionally released to an authorized agency. Once the placement expires, if the safety of the community no longer requires that the respondent continue in placement, and the best interests of the child permit, the child is returned to the custody of the parents. If there are no parents presently able to care for the child, then the child may be placed out of a DFY "institution” into the care of CSS (Social Services Law § 399). Such placement is discretionary with CSS (Social Services Law § 399).[1]
It is apparent from these statutes that once the child is placed with DFY or with CSS under Family Court Act article 3, the specifics of placement are within the discretion of the *283 commissioners of one or the other agency (see, e.g., Social Services Law § 398 [6] [g]; § 399; Executive Law § 504 [4]), and are not subject to judicial review beyond the specific terms of the dispositional orders permitted by statute (see, Matter of Lorie C., 49 NY2d 161, 170-171 [1980]). There is no guarantee that Peter R. will be placed in a foster home setting within any specific period of time. History demonstrates a chronic shortage of foster homes, particularly for delinquents (Matter of Lorie C., 49 NY2d 161, supra; Matter of Edward M, 76 Misc 2d 781 [Fam Ct, St. Lawrence County 1974]; Matter of Murcray, 45 AD2d 906 [3d Dept 1974]; Matter of Jeanette M., 40 AD2d 977 [2d Dept 1972]; see, Matter of Ellery C., 40 AD2d 862 [2d Dept 1972] [Shapiro, J., dissenting], revd 32 NY2d 588]). The Social Services Law expressly recognizes that placement in agency boarding or group homes may be necessary, even though a more home-like setting is appropriate, because no qualified foster homes are available in a given district (Social Services Law § 398 [6] [g] [1]). Consequently, if the respondent remains exclusively in DFY placement, he may be continued in group living by the unavailability of less institutional settings, without judicial review.
Upon a petition to extend placement under Family Court Act article 3, the respondent, the presentment agency, and the agency with which the child has been placed must be notified and have an opportunity to be heard (Family Ct Act § 355.3 [2]). Extension is in the discretion of the court (Family Ct Act § 355.3 [4]), which must consider whether reasonable efforts, consistent with the safety of the community, were made to make it possible for the respondent to return home.[2]
Upon a petition to extend placement under Family Court Act article 10, in addition to the child and the agency, the child’s parents and the foster parents also have a right to notice and to be heard (Family Ct Act § 1055 [b] [iii]). At such hearing, the court must consider whether there has been any change in the circumstances which gave rise to the child’s placement in foster care; whether the child services plan prepared under Social Services Law § 409-e requires modification, and in what manner the plan should be modified; the extent to which the parents and the agency have complied with the plan *284 during the placement period (Family Ct Act § 1055 [b] [iv] [A]); and whether the best interests of the child would be served by an extension of placement (Family Ct Act § 1055 [b] [iv] [B]). An extension of placement under article 10 depends upon the parents’ present ability to care for the child and is determined by the child’s best interests (Matter of Sunshine A. Y., 88 AD2d 662 [2d Dept 1982]). Moreover, the agency must make periodic reports to the court regarding implementation of the child services plan (Family Ct Act § 1055 [b] [vi]). In addition to or in lieu of an extension of placement, the court under article 10 may direct the agency to undertake diligent efforts to encourage and strengthen the parental relationship, including a specific plan of action to assist the parent in visiting the child, and in obtaining adequate housing, employment, counseling or treatment (Family Ct Act § 1055 [c]). On the other hand, where the court finds reasonable cause to believe that the child has been abandoned or permanently neglected within the meaning of Social Services Law § 384-b, the court may order the agency to institute a proceeding to legally free the child for adoption (Family Ct Act § 1055 [d]). Finally, the court may order placement or regular visitation with siblings (Family Ct Act § 1055 [i]).
It is apparent that the Family Court has much more discretion under Family Court Act article 10, than under article 3, to review and determine the conditions of a child’s placement in foster care. Moreover, the purpose of this review is to ensure that the needs of the child and of the child’s family are met, so that the child is not continued unnecessarily in foster care. The Legislature and the courts have recognized that a PINS child who needs treatment and supervision, differs from a delinquent child who needs treatment, supervision and confinement (see, e.g., Matter of Ellery C., 40 AD2d 862 [Shapiro, J., dissenting], revd 32 NY2d 588, supra), and the statutory response differs accordingly. So also, the delinquent who no longer requires confinement or even DFY supervision must be treated according to present needs. If the respondent no longer requires confinement, treatment or supervision in a DFY facility, any extension of his placement should be according to standards for the continued care of neglected children, with the appropriate level of judicial oversight of agency efforts to reunite the respondent with relatives, or otherwise to plan for the respondent’s future. Therefore, the respondent’s placement under article 10 should be extended to permit the agency to continue efforts to develop familial resources for the respon *285 dent in anticipation of his discharge from placement with DFY.[3]

. It is notable that by statute CSS is required "[w]hen it is in the best interest of the child” to place a child who is returned to foster care following an interruption in care, or is returned to a family boarding home following placement in a foster care institution, with the foster parents with whom the child "was last placed” (Social Services Law § 398 [6] [n]).

. By agency regulation, the family of a child who has been placed with CSS and who is' within six months of anticipated discharge from foster care, is entitled to receive preventive services to return the child to the parents sooner than otherwise would be possible (18 NYCRR 430.9 [e] [1] [ii] [a]; see, Social Services Law § 409-a [1] [a] [i]).

. The respondent has a married sister who has visited him at least once at Berkshire Farm, whose husband is reluctant to permit the respondent to live in their home.