*194 OPINION OF THE COURT
Paula J. Hepner, J.
The respondent was placed with the Office of Children and Family Services (hereinafter OCFS) one year ago and appears before this court on an extension of placement. He has resided at Industry, a limited secure facility, the entire time. OCFS has requested an extension for six months and proposes to discharge the respondent to aftercare at the conclusion of the school year. Respondent objected to the extension asking instead to be discharged immediately or, in the alternative, to have his placement extended on the condition that he is immediately transferred to aftercare.
A hearing was held on April 12, 2000 and testimony was taken from the respondent’s OCFS counselor and the respondent’s mother. The OCFS counselor testified a home study had been done and the mother was found to be a suitable discharge resource. The respondent has had no major rule infractions for the past six months and he is not considered by his counselor to be a risk to the community. Upon release to aftercare, OCFS would provide the respondent with a comprehensive package of supportive services to assist him in making a positive adjustment and a successful transition to the community.
In preparation for the respondent’s discharge, his mother arranged a leave of absence from her job to be able to provide 24-hour supervision of him and to accompany him to the services she has arranged for him — counseling and drug/alcohol treatment.
On an extension of placement, pursuant to section 355.3 of the Family Court Act, the court must consider and determine “the need for continuing the placement” (Family Ct Act § 355.3 [2]) and “where appropriate * * * [whether] reasonable efforts were made to make it possible for the respondent to return to his or her home.” (Family Ct Act § 355.3 [4] [i].) The reasons proffered by OCFS for extending the placement and continuing the respondent at Industry until June are so that he can complete the school year and so that he can demonstrate the skills necessary to advance to the “adjustment stage,” which his counselor described as completing his assignments on time and responding better to the structure of the facility he is in.
The respondent’s mother has assembled an appropriate array of services for him and is prepared for the responsibility of his return. The only component she has not worked out concerns where her son will attend school. Respondent is *195 diagnosed with attention deficit disorder and takes medication to help him focus. He will need special education services which may be difficult to put in place so near to the end of the school year. OCFS’s community-based aftercare program would provide a school program for him in the interim.
The respondent’s view of his situation differs from his counselor’s view only in the time when he should be discharged, today versus June. Because the respondent has been in a limited secure facility for the past year and enjoying very few freedoms or the ability to make independent decisions, the court believes aftercare services are needed, not just to provide a school program but to provide monitoring of the respondent’s compliance with the programs he must attend, curfew checks and general oversight. Were the court to order the respondent’s discharge without extending his placement, OCFS would not provide the aftercare services it and the court believe are necessary. If the court extends the respondent’s placement, OCFS maintains the court has no power to direct the respondent’s immediate release to aftercare, citing Matter of Lavar C. (185 AD2d 36 [4th Dept 1992]).
This court does not find the reasons underlying OCFS’s decision to delay the respondent’s release until June compelling or persuasive. For the sake of two months, this court is faced with the choice of sending the respondent home with nothing or sending him home, with services and supervision, on OCFS’s timetable. Surely the Legislature could not have intended to restrict the Family Court’s power to these extremes, leaving the court without the flexibility to fashion an extension order tailored to the needs and best interests of the respondent.
This court disagrees with OCFS’s interpretation of the holding in Matter of Lavar C. (supra), which is considerably more expansive than the limited facts the decision would seem to support, and finds that case distinguishable from the instant matter in significant respects. In Lavar C., the trial court adjudicated the respondent a juvenile delinquent and placed him, pursuant to Family Court Act § 353.3 (3) (b), with the Division for Youth[1] (hereinafter DFY) for a period of 18 months. Its order mandated DFY to place the respondent at one of three specified residential facilities and that DFY could not transfer or release him without obtaining the court’s permission. On appeal, the Appellate Division reversed saying that the trial *196 court “should have permitted [DFY] to decide where, within Title III institutions, he should have been placed” (supra, at 37) and further decided, based on the language of Executive Law former § 511 (3),[2] that it was error for the trial court to prohibit his transfer or release without court approval.
This case involves an extension of placement pursuant to Family Court Act § 355.3, not an initial placement determination pursuant to Family Court Act § 353.3. The purpose of this proceeding is to decide whether the respondent should be released or retained, not where, within the range of agencies or facilities operated or certified by OCFS, the respondent should be placed during the initial period of time he must be removed from the community. This case, unlike Lavar C. (supra), does not abridge the authority of OCFS to release the respondent from placement.
The court’s order in Lavar C. (supra) was reversed because it encroached upon specific powers expressly reserved to DFY by statute to select the facility where a respondent would serve his initial placement and to release a respondent from that placement if it determined he was ready. Nothing in the Executive Law reserves to OCFS the sole discretion to decide when a resident is ready for release and nothing in Lavar C. prohibits this court from directing a resident’s release prior to OCFS’s projected discharge date.[3] The holding of Lavar C. merely prevents a court from telling OCFS they cannot discharge a resident if they want.
Aftercare is not the type of institutional facility referred to in Lavar C. (supra) nor described in Family Court Act § 353.3 (3). Nothing in the language of Lavar C. or the Executive Law prohibits the court from directing a resident’s release to aftercare. Accordingly, the court finds that reasonable efforts were made to enable the respondent to return home and there *197 is no reason for delaying this until the end of June. Placement is extended six months, effective April 12, 2000, and OCFS is directed to release the respondent to aftercare forthwith.

. The Office of Children and Family Services is the successor agency to the Division for Youth.

. Executive Law § 504 (4) (former § 511 [3]) provides: “The division shall determine the particular division facility or program in which a child placed with the division shall be cared for, based upon an evaluation of such child. The division shall also have authority to discharge or conditionally release children placed with it * * * when the interest of such children requires such action.”

. On the contrary, Family Court Act § 353.3 (6) specifically authorizes the court “at any time [to] conduct a hearing * * * concerning the need for continuing a placement.” (Emphasis added.) Implicit in this statutory provision is the power to return a respondent to the community.