■ In the Matter of DEWAYNE B., Respondent. NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES, Appellant. [735 NYS2d 209] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the New York State Office of Children and Family Services appeals, as limited by its brief, from stated portions of an order of disposition of the Family Court, Suffolk County (Freundlich, J.), entered August 18, 2000, which, *inter alia,* placed Dewayne B. with it for a period

of one year with no extensions and directed it, among other things, to apply to the court if the placement was to be discontinued.

Ordered that the order of disposition is modified, on the law, by deleting from the second decretal paragraph thereof (1) the words "No Extensions" and (2) the sentence beginning with the words "In the event" and ending with the words "hearing and orders"; as so modified, the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

After the respondent Dewayne B. was adjudicated a juvenile delinquent within the meaning of article 3 of the Family Court Act, the Family Court entered an order of disposition which, in relevant part, provided: "ORDERED that this proceeding be and the same hereby is continued and the Respondent be and hereby is placed for a period of One (1) year in the custody of the Office of Children and Family Services for placement in a limited secure facility. *No Extensions.* * * * In the event that the Office of Children and Family Services is unable to place the child in accordance with the direction hereof, or in the event the placement with the authorized agency is discontinued, the Office of Children and Family Services shall apply to the Court for an order to stay, modify, set aside, or vacate such directive pursuant to section 335.1 *[sic]* of the Family Court Act; the Office of Children and Family Services shall return the Respondent to this Court for a new dispositional hearing and orders" (emphasis in the original). The New York State Office of Children and Family Services (hereinafter OCFS) argues that the Family Court erred in directing that there be no extensions of Dewayne B.'s placement and that, in the event the OCFS was unable to place Dewayne B. in accordance with the order, or in the event that the placement was discontinued, the OCFS was to apply to the court for an order to stay, modify, set aside, or vacate its directives, and was to return to the court for a new dispositional hearing and order. We agree with the OCFS and, accordingly, modify the order appealed from.

The dispositional order expired by its own terms on August 18, 2001 (*see*, Family Ct Act § 355.3 [1]). Thus, because any determination by this Court will not affect the rights of the parties with respect to this controversy, the appeal would ordinarily be dismissed as academic (*see, Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714; *Habe v Triola*, 154 AD2d 437; *Lighting Horizons v Kahn & Co.*, 120 AD2d 648). However, because the issues presented are likely to recur, an exception to the mootness doctrine, we reach the merits of the issues (*see, Matter of Hearst Corp. v Clyne, supra*, at 714-715). Indeed, this ap-

peal is one of four appeals currently before the Court raising the identical issue.

The Court of Appeals, discussing article 7 of the Family Court Act at a time when the article also encompassed juvenile delinquency proceedings, noted that, "in most cases the Legislature has chosen not to brand a juvenile who commits an act which would otherwise be a crime a criminal, but recognizes that he is a person not fully responsible for his conduct * * * It has taken a path designed not solely to punish the malefactor but to extinguish the causes of juvenile delinquency through rehabilitation and treatment" (*Matter of Quinton A.,* 49 NY2d 328, 335). Thus, the Court of Appeals held, "[i]t is for the Legislature to determine the proper environment for that treatment within constitutional bounds; the courts are ill-equipped to decide which of the myriad of views regarding the treatment of juveniles best serves the interest of all parties concerned" (*Matter of Quinton A., supra,* at 336). Accordingly, "where the Legislature undertakes to act in areas fraught with rehabilitative and sociological uncertainties, courts are reluctant to intervene," a deference "enhanced with the recognition that specification of the nature of treatment to be afforded miscreant juveniles is peculiarly one within legislative parameters" (*Matter of Quinton A., supra,* at 337). Here, the Family Court impermissibly diverged from the legislatively determined statutory scheme.

Pursuant to Family Court Act § 352.2 (1) (c), the Family Court may continue a proceeding and place a juvenile in accordance with Family Court Act § 353.3. Permissible placements include, as here, remand of a juvenile to the OCFS for placement (*see,* Family Ct Act § 353.3 [3] *et seq.*). Once so placed, however, the Legislature has reposed in the OCFS certain discretion and authority to both alter the placement and discontinue it (*see,* Family Ct Act § 353.3 [3] *et seq.*; Executive Law § 504 [4]). The statutes do not grant the Family Court the authority to compel the OCFS to apply to the court for an order to stay, modify, set aside, or vacate a dispositional order, and to return to court for a new dispositional hearing and order before it modifies or discontinues a juvenile's placement (*see, Matter of Lavar C.,* 185 AD2d 36; *compare,* Family Ct Act § 353.3 [2] [permitting such a directive if a juvenile is placed with the Commissioner of the Department of Social Services and the Commissioner is unable to place the juvenile as directed]). Further, the OCFS has the statutory right to seek an extension of a placement (*see,* Family Ct Act § 355.3). Thus, the Family Court erred in peremptorily directing "no extensions" of the placement.

The contentions in the Law Guardian's brief are without merit. Ritter, J. P., Smith, Adams and Cozier, JJ., concur.