■ In the Matter of KYLE H., a Child Alleged to be a Juvenile Delinquent, Respondent. NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES, Appellant. [747 NYS2d 797] ■

Although the order of disposition is phrased in terms of placement of the respondent with a private agency pursuant to Family Court Act § 353.3 (4), the Family Court's decision expressed a preference to place the respondent at a limited-secure state facility, and the order of disposition itself places the respondent with the New York State Office of Children and Family Services (hereinafter OCFS) for placement in the Tryon Facility, which is a state-operated facility. In light of the irregularity in the order of disposition, it is reversed insofar as appealed from to provide for placement of the respondent with OCFS for placement at a limited-secure state facility pursuant to Family Court Act § 353.3 (3) (b) (*cf. Matter of Quentin L.,* 231 AD2d 890).

Moreover, since the placement was clearly made pursuant to Family Court Act § 353.3 (3), the Family Court erred in ordering that OCFS place the respondent at a specific facility (*see Matter of Lavar C.,* 185 AD2d 36, 41-42). Pursuant to Executive Law § 504, OCFS has the discretion to determine the particular facility in which a juvenile placed in its care shall be cared for (*see Matter of Kyle S.,* 64 AD2d 666, 667).

In addition, Executive Law § 504 also provides OCFS with the discretion to determine the particular treatment program in which a juvenile in its care should be placed, based upon its evaluation of that juvenile. Accordingly, the Family Court erred in directing that OCFS immediately place the respondent in an in-patient substance-abuse treatment and counseling program. Altman, J.P., Krausman, Schmidt and Crane, JJ., concur.