■ In the Matter of CHRISTOPHER A., Respondent. NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES, Appellant. [760 NYS2d 208] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the New York State Office of Children and Family Services appeals, as limited by its brief, from so much of an order of the Family Court, Suffolk County (Freundlich, J.), entered June 27, 2002, as, after a hearing upon its petition for a one-year extension of the respondent's placement, granted the petition only to the extent of granting a six-month extension of the respondent's placement, and directed that the six-month period of aftercare follow the six-month extension of the respondent's placement.

*Ordered that* the order is modified, on the law, by deleting the provision thereof directing that the respondent undergo a six-month period of aftercare; as so modified, the order is af-

firmed insofar as appealed from, without costs or disbursements.

Pursuant to Executive Law § 504, the New York State Office of Children and Family Services (hereinafter the OCFS) has "the discretion to determine the particular treatment program in which a juvenile in its care should be placed, based upon its evaluation of that juvenile" (*Matter of Kyle H.,* 297 AD2d 741, 742 [2002]). Moreover, the OCFS may, in its discretion, alter or discontinue such placement (*see* Family Ct Act § 353.3 [3]; Executive Law § 504; *Matter of Dewayne B.,* 289 AD2d 571, 573 [2001]). In particular, the OCFS may conditionally release a youth "whenever it deems such conditional release to be in the best interest of the youth, that suitable care and supervision can be provided and that there is a reasonable probability that the youth can be conditionally released without endangering the public safety" (Executive Law § 510-a [1]; *see Matter of Dewayne B., supra*). Here, the Family Court usurped the discretion of the OCFS to fashion a particular program of treatment for the respondent pursuant to Executive Law §§ 504 and 510-a by directing the type of treatment the respondent shall receive as well as when and for how long such treatment was to be provided.

However, the contention of the OCFS that the respondent should remain in his current placement through the date upon which aftercare was ordered to terminate is without merit, as the extension ordered was within the Family Court's discretion under Family Court Act § 355.3 (4) and there is no indication that the Family Court intended that the respondent's placement be extended for one year. Altman, J.P., McGinity, Luciano and H. Miller, JJ., concur.