■■ DARLENE WHITE, Respondent, v CAROL J. WINTER, Appellant. [801 NYS2d 680]—

■■■■■■■■■■■■■■■■

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered September 24, 2004. The order denied defendant's motion for an order settling the record on appeal.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with thefollowing memorandum: Defendant appeals from an order denying her motion to settle the record on appeal. Following a bifurcated trial on liability, the jury returned a verdict finding defendant 60% negligent and plaintiff 40% negligent, and the parties agreed to submit the issues of "serious injury" and damages, if any, for a summary jury trial, with damages not to exceed the amount of defendant's available policy limit. The parties stated on the record that they had agreed to submit this matter to a summary jury trial, and a letter from counsel for defendant confirmed the

binding nature of the summary jury trial. In addition, counsel for defendant stated on the record that the parties had agreed to waive transcription of the summary jury trial "since there's going to be no appeal from it."

Apparently, after the parties presented their respective cases but before the matter was submitted to the jury, Supreme Court directed a verdict on one of the categories of "serious injury" (Insurance Law § 5102 [d]). There is, however, no transcript of the court's determination. The following morning, counsel for defendant objected that the court had "usurped the jury's job by rendering a decision as a matter of law" on that category of serious injury, in violation of the parties' agreement to submit the matter for a summary jury trial. The court denied defendant's objection to the procedure, and the jury was presented with a verdict sheet, asking it to state the amount of damages awarded to plaintiff and to find whether plaintiff had sustained a serious injury under a separate statutory category. The jury awarded plaintiff damages and found that she had not sustained a serious injury under the other category. The parties were unable to agree on an order because defendant did not believe that the order proposed by plaintiff reflected the court's legal determination in the course of the summary jury trial. Ultimately, the court granted judgment in favor of plaintiff for the amount determined by the jury at the summary jury trial. Defendant then moved by order to show cause for an order settling the record on appeal for the purpose of appealing the judgment. The court denied the motion, agreeing with plaintiff that defendant waived her right to appeal. We reverse the order and remit the matter to Supreme Court to determine defendant's motion, thereby settling the record on appeal.

The limited issue before us is whether defendant is entitled to settlement of the record. We agree with defendant that she has a clear legal right to settlement of the record (see Matter of Lavar C., 185 AD2d 36, 39 [1992]; see also Matter of Weeden v Ark, 2 AD3d 1280 [2003]). Given the limited nature of this appeal, we address no other issues. Present—Kehoe, J.P., Gorski, Martoche, Smith and Hayes, JJ.